IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) LADONNA PARIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 22-cv-00235-TCK-JFJ |
| | ) |
| (1) RONNI CARROCIA; | ) |
| (2) DAYLAN ROOT; | ) |
| (3) TY BURNS; | ) |
| (4) CITY OF TULSA; | ) |
| (5) G.T. BYNUM, IV; | ) |
| | ) |
| Defendants. | ) |

## NOTICE OF REMOVAL

Defendant, City of Tulsa, ("City") hereby notifies the Court and all parties as follows:

1. The City, Tulsa Police Officer Carrocia, Tulsa Police Officer Root, Tulsa Police Officer Burns and Mayor Bynum are defendants in a civil action entitled *LaDonna Paris v. Ronni Carrocia, Daylan Root, Ty Burns, City of Tulsa, and G.T. Bynum,* Case Number CJ-2022-01434 filed on May 10, 2022 in the District Court of Tulsa County, State of Oklahoma, (hereinafter "State Court Action").

2. Defendant City was served with the Summons and Petition on May 11, 2022.

3. Defendant Carrocia has not been served with the Summons and Petition.

4. Defendant Root has not been served with the Summons and Petition.

5. Defendant Burns has not been served with the Summons and Petition.

6. Defendant Bynum has not been served with the Summons and Petition.

7. Plaintiff did not make a written demand for a jury trial in her petition.

8. Defendant makes a written demand for jury trial at this time and will make such a demand in its Answer.

9. In Claim 1 UNREASONABLE SEIZURE/EXCESSIVE USE OF FORCE against Officers Carrocia, Root, and Burns, Plaintiff Ladonna Paris alleges in her Petition, pursuant to 42 U.S.C. § 1983, that the Officers violated her Fourth and Fourteenth Amendment constitutional rights by using excessive force.

10. In Claim 2 DELIBERATE INDIFFERENCE TO MEDICAL NEED against Officers Carrocia, Root, and Burns, Plaintiff Ladonna Paris alleges in her Petition, pursuant to 42 U.S.C. § 1983, that the Officers violated her Fourteenth Amendment constitutional rights by not seeking mental health treatment for Plaintiff.

11. In Claim 3 VIOLATION OF THE AMERICANS WITH DISABILTIES ACT against the City of Tulsa, Plaintiff Ladonna Paris alleges in her Petition, pursuant to 42 U.S.C. § 1983, that the City of Tulsa violated the Americans with Disabilities Act by failing to provide reasonable accommodations to Plaintiff during the Plaintiff's arrest.

12. In Claim 4 VIOLATION OF THE EQUAL PROTECTION CLAUSE against Officers Carrocia and Root, Plaintiff Ladonna Paris alleges in her Petition, pursuant to 42 U.S.C. § 1983, that the Officers violated her Fourteenth Amendment constitutional rights by disparately treating Plaintiff due to her disability.

13. In Claim 5 RATIFICATION OF VIOLATIONS OF MS. PARIS' CIVIL RIGHTS against the City of Tulsa and Mayor Bynum, Plaintiff Ladonna Paris alleges in her Petition, pursuant to 42 U.S.C. § 1983, that the City of Tulsa and Mayor Bynum failed to act in response to Defendant Tulsa Police Officers' conduct.

14. In Claim 6 DELIBERATELY INDIFFERENT POLICIES, CUSTOMS, TRAINING, AND SUPERVISION against the City of Tulsa, Plaintiff Ladonna Paris alleges in her Petition, pursuant to 42 U.S.C. § 1983, that the City of Tulsa failed to dedicate adequate resources to respond to mental health calls.

15. In Claim 7 SUPERVISORY LIABILITY against the Mayor Bynum, Plaintiff Ladonna Paris alleges in her Petition, pursuant to 42 U.S.C. § 1983, that Defendant Bynum is individually liable to Plaintiff for her damages.

16. In Claims 8-9 MALICIOUS PROSECUTION against Officer Carrocia, Plaintiff Ladonna Paris alleges in her Petition, pursuant to 42 U.S.C. § 1983 and Oklahoma Common Law, that Officer Carrocia violated her Fourth and Fourteenth Amendment constitutional rights as well as Oklahoma Common Law by charging Plaintiff with attempted arson and animal cruelty without probable cause.

17. In Claim 10 FALSE LIGHT against Officer Carrocia, Plaintiff Ladonna Paris alleges in her Petition, pursuant to Oklahoma Common Law, that Officer Carrocia exaggerated and made false statement about Plaintiff that placed Plaintiff in a false light to the public.

18. In Claim 11 INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS against Officer Carrocia, Plaintiff Ladonna Paris alleges in her Petition, pursuant to Oklahoma Common Law, that Officer Carrocia intentionally engaged in extreme and outrageous behavior for the purpose of causing Plaintiff to suffer fright, horror, worry, and humiliation.

19. In Claim 12 ASSAULT against Officer Carrocia, Plaintiff Ladonna Paris alleges in her Petition, pursuant to Oklahoma Common Law, that Officer Carrocia intentionally put Ms. Paris in apprehension of being tased and caused her to suffer fright and terror.

20. In Claims 13 UNREASONABLE SEARCH against Officer Carrocia and Officer Burns, Plaintiff Ladonna Paris alleges in her Petition, pursuant to 42 U.S.C. § 1983, that Officer Carrocia and Officer Burns violated her Fourth and Fourteenth Amendment constitutional rights by performing an unreasonable strip search of Plaintiff.

21. In Claim 14 INTERFENCE WITH CONTRACT against Officer Carrocia and Officer Root, Plaintiff Ladonna Paris alleges in her Petition, pursuant to Oklahoma Common Law, that Officer Carrocia and Officer Burns did not secure the U-Haul rented by Plaintiff causing her to suffer economic damages.

22. Plaintiff claims she suffered actual physical and emotional damages and seeks compensatory and special damages. Plaintiff states she is seeking damages in excess of $75,000.

23. Federal subject matter jurisdiction in this action exists by reason of the federal question described above pursuant to 28 U.S.C. §1331.

24. This Court has supplemental jurisdiction over Plaintiff's state law claims because those claims are so related to the federal claims in this actions that they form part of the same case or controversy pursuant to 28 U.S.C. §1367

25. The removal of this action is authorized by 28 U.S.C.A. § 1441(a), which allows the removal of any civil action brought in a state court of which the District Courts of the United States have original jurisdiction.

26. Copies of the state court docket sheet as well as copies of all process, pleadings, and orders filed in the State Court case and subsequently served upon Defendant are attached as Exhibit A.

27. Only the City has been properly served at this time, therefore, all properly served defendants consent to and join in this Notice of Removal.

Respectfully Submitted,

CITY OF TULSA,
a municipal corporation

JACK C. BLAIR,
City Attorney

BY:  __s/Lawson Vaughn_____
R. Lawson Vaughn, OBA # 21557
Senior Assistant City Attorney
Hayes T. Martin, OBA # 32059
Assistant City Attorney
City Hall, One Technology Center
175 East Second Street, Suite 685
Tulsa, Oklahoma  74103
(918) 596-7717 Telephone
(918) 596-9700  Facsimile

## CERTIFICATE OF SERVICE

I, R. Lawson Vaughn, certify that on the 27 day of May, 2022 a true and correct copy of the above and foregoing document was sent via U.S. mail to the following recipient:

Damario Solomon-Simmons
Kymberli J.M. Heckenkemper
SolomonSimmonsLaw, PLLC
601 S. Boulder Ave., Ste. 600
Tulsa, OK 74119

And

J. Spencer Bryan
Steven J. Terrill
Bryan & Terrill, PLLC
3015 E. Skelly Dr., Ste. 400
Tulsa, OK 74105

_s/Lawson Vaughn_____
R. Lawson Vaughn