## IN THE UNITED STATES DISTRICT COURT FOR
## THE NORTHERN DISTRICT OF OKLAHOMA

1. LADONNA PARIS, an individual,    )
    )
        Plaintiff,    )
    )
vs.    )
    )   Case No. 4:22-cv-00235-TCK-JFJ
1. RONNI CARROCIA, an individual;    )
2. DAYLAN ROOT, an individual;    )
3. TY BURNS, an individual;    )
4. CITY OF TULSA, a municipal corporation;    )
5. GEORGE THERON BYNUM IV, an individual;)
    )
        Defendants.    )

## CITY OF TULSA'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant City of Tulsa, a municipal corporation, ("City" or "Defendant"), submits its Answer and, except for those allegations expressly admitted herein, denies each and every material allegation of Plaintiff's Complaint.

## PARTIES, JURISDICTION, AND VENUE

1. Upon information and belief, the City admits the allegations in Paragraph 1 of Plaintiff's Complaint.

2. The City is without sufficient information or knowledge to admit or deny the allegations in Paragraph 2 of Plaintiff's Complaint and, therefore, denies same pending discovery.

3. The City admits the allegations in Paragraph 3 of Plaintiff's Complaint.

4. The City admits the allegations in Paragraph 4 of Plaintiff's Complaint.

5. The allegation that the Mayor is the final policymaker for the City with respect to operation of TPD as set forth in Paragraph 5 of Plaintiff's Complaint merely constitutes Plaintiff's legal conclusion and no response thereto is required. The City admits the remaining factual allegations contained within Paragraph 5 of Plaintiff's Complaint.

6. The City admits the allegations in Paragraph 6 of Plaintiff's Complaint.

7. The City admits the allegations in Paragraph 7 of Plaintiff's Complaint.

8. The City admits the allegations in Paragraph 8 of Plaintiff's Complaint.

9. The City admits the allegations in Paragraph 9 of Plaintiff's Complaint.

## STATEMENT OF FACTS

10. City realleges and incorporates by reference its responses to Paragraphs 1-9 as though fully set forth herein.

11. City lacks sufficient information to admit or deny the allegations in Paragraph 11 of the Plaintiff's Complaint, thus denies them.

12. City lacks sufficient information to admit or deny the allegations in Paragraph 12 of the Plaintiff's Complaint, thus denies them.

13. City lacks sufficient information to admit or deny the allegations in Paragraph 13 of the Plaintiff's Complaint, thus denies them.

14. City lacks sufficient information to admit or deny the allegations in Paragraph 14 of the Plaintiff's Complaint, thus denies them.

15. City lacks sufficient information to admit or deny the allegations in Paragraph 15 of the Plaintiff's Complaint, thus denies them.

16. City lacks sufficient information to admit or deny the allegations in Paragraph 16 of the Plaintiff's Complaint, thus denies them.

17. City lacks sufficient information to admit or deny the allegations in Paragraph 17 of the Plaintiff's Complaint, thus denies them.

18. City denies that Defendants Carrocia and Root escalated the situation but admits that Defendant Carrocia said that "At any point in time, we've got to be ready for her to open that door

and be ready to fight because she seems pretty …" while Plaintiff was refusing to exit the bathroom at Habitat for Humanity Restore. The City is without sufficient information to admit or deny the remaining allegations set forth in Paragraph 18 of Plaintiff's Complaint, thus denies them.

19. City admits that Defendant Carrocia stated that "if she opens that door my hands are going on her immediately" as alleged in Paragraph 19 of Plaintiff's Complaint, but would also add that Defendant Carrocia followed up that statement by saying, "as soon as the door opens we need to put our hands on her hands and she needs to go into cuffs immediately for safety because this is a mess."

20. City denies the allegations in Paragraph 20 of Plaintiff's Complaint and demands strict proof thereof. City is without sufficient information to admit or deny any allegations Plaintiff is attempting to assert by the photo that follows Paragraph 20 of Plaintiff's Complaint, thus they are denied.

21. City is without sufficient information to admit or deny whether Plaintiff was fully able to hear what Defendants Carrocia and Root were saying as alleged in Paragraph 21 of Plaintiff's Complaint, and thus it denies same. However, the City admits Plaintiff made the statement alleged to have been made in Paragraph 21 of Plaintiff's Complaint.

22. City admits that both Plaintiff and Defendant Carrocia made the statements alleged in Paragraph 22 of Plaintiff's Complaint, but denies the characterization offered by Plaintiff.

23. City admits Plaintiff made the statement alleged in Paragraph 23 of Plaintiff's Complaint, but denies the characterization offered by Plaintiff.

24. City admits that Defendant Carrocia activated her taser and stated "do you want to get tased" in an attempt to coax Plaintiff out of the bathroom. City is without sufficient information to admit or deny the remaining allegations in Paragraph 24 of Plaintiff's Complaint, thus denies them.

25. City admits that Defendant Carrocia made the statement alleged in Paragraph 25 of Plaintiff's Complaint.

26. City admits that Defendant Carrocia made the statement alleged in Paragraph 26 of Plaintiff's Complaint, but denies the characterization offered by Plaintiff. City is without sufficient information to admit or deny any allegations Plaintiff is attempting to assert by the photo that follows Paragraph 26 of Plaintiff's Complaint, thus they are denied.

27. City admits that Defendant Carrocia made the statement alleged in Paragraph 27 of Plaintiff's Complaint but is without sufficient information to admit or deny the remainder of the allegations in Paragraph 27 of Plaintiff's Complaint, thus denies them.

28. City admits the allegations in Paragraph 28 of Plaintiff's Complaint.

29. City denies the allegations in Paragraph 29 of Plaintiff's Complaint.

30. City admits that Defendant Carrocia made the statement alleged in Paragraph 30 of Plaintiff's Complaint, but denies the characterization offered by Plaintiff.

31. City admits the allegations in Paragraph 31 of Plaintiff's Complaint.

32. City denies Plaintiff's characterization of the comments as set forth in Paragraph 32 of Plaintiff's Complaint, however, it admits that Defendant Carrocia stated "no, we're going to have to go hands on and throw you to the ground" in response to Plaintiff having stated that Defendant Officers were going to have to shoot her.

33. City admits Defendant Carrocia made the statement alleged in Paragraph 33 of Plaintiff's Complaint but is without sufficient information to admit or deny the remaining allegations set forth therein, thus denies them.

34. City denies the allegations in Paragraph 34 of Plaintiff's Complaint and demands strict proof thereof.

35. City admits that Plaintiff eventually stated she would go to jail as set forth in Paragraph 35 of Plaintiff's Complaint, but denies the allegation that Plaintiff did not actively resist arrest and demands strict proof thereof.

36. City denies the allegations in Paragraph 36 of Plaintiff's Complaint.

37. City denies the allegations in Paragraph 37 of Plaintiff's Complaint.

38. City admits that Defendant Carrocia retrieved the cigarette pack as alleged in Paragraph 38 of Plaintiff's Complaint but denies the allegation that "Defendant Burns pulled down Ms. Paris' pants".

39. City admits the allegations in Paragraph 39 of Plaintiff's Complaint.

40. City denies the allegations in Paragraph 40 of Plaintiff's Complaint.

41. City admits Officer Carrocia made the statement alleged in Paragraph 41 of Plaintiff's Complaint but denies the remaining allegations set forth in Paragraph 41 and demands strict proof thereof.

42. City lacks sufficient information to admit or deny the allegations in Paragraph 42 of Plaintiff's Complaint, thus denies them.

43. City admits that an individual stated, "do you want us to take her down there to medical" as alleged in Paragraph 43 of Plaintiff's Complaint, to which Officer Carrocia responded "you can try" and then "or they can just refuse it **if she is too combative**".

44. City admits the allegations in Paragraph 44 of Plaintiff's Complaint.

45. City lacks sufficient information to admit or deny the allegations in Paragraph 45 of Plaintiff's Complaint, thus denies them.

46. City admits that the charges against Plaintiff were eventually dismissed as alleged in Paragraph 46 of Plaintiff's Complaint and would add that it was based upon the Tulsa County District Attorney's motion "in the best interest of justice and for civil diversion."

### CLAIM # 1: UNREASONABLE SEIZURE/EXCESSIVE FORCE
**42 U.S.C. § 1983 Fourth/Fourteenth Amendments to the United States Constitution**
**Defendants Carrocia, Root, and Burns**

47. City realleges and incorporates by reference its responses to Paragraphs 1-46 as though fully set forth herein.

48. The allegations in Paragraph 48 of Plaintiff's Complaint do not pertain to the City of Tulsa as a Defendant and therefore do not require a response.

49. The allegations in Paragraph 49 of Plaintiff's Complaint do not pertain to the City of Tulsa as a Defendant and therefore do not require a response.

50. The allegations in Paragraph 50 of Plaintiff's Complaint do not pertain to the City of Tulsa as a Defendant and therefore do not require a response.

51. The allegations in Paragraph 51 of Plaintiff's Complaint do not pertain to the City of Tulsa as a Defendant and therefore do not require a response.

52. The allegations in Paragraph 52 of Plaintiff's Complaint do not pertain to the City of Tulsa as a Defendant and therefore do not require a response.

53. The allegations in Paragraph 53 of Plaintiff's Complaint do not pertain to the City of Tulsa as a Defendant and therefore do not require a response.

54. The allegations in Paragraph 54 of Plaintiff's Complaint do not pertain to the City of Tulsa as a Defendant and therefore do not require a response.

55. The allegations in Paragraph 55 of Plaintiff's Complaint do not pertain to the City of Tulsa as a Defendant and therefore do not require a response.

56. The allegations in Paragraph 56 of Plaintiff's Complaint do not pertain to the City of Tulsa as a Defendant and therefore do not require a response.

57. The allegations in Paragraph 57 of Plaintiff's Complaint do not pertain to the City of Tulsa as a Defendant and therefore do not require a response.

58. The allegations in Paragraph 58 of Plaintiff's Complaint do not pertain to the City of Tulsa as a Defendant and therefore do not require a response.

59. The allegations in Paragraph 59 of Plaintiff's Complaint do not pertain to the City of Tulsa as a Defendant and therefore do not require a response.

### CLAIM # 2: DELIBERATE INDIFFERENCE TO MEDICAL NEED
### 42 U.S.C. § 1983 | Fourteenth Amendment to the United States Constitution
### Defendants Carrocia and Root

60. City realleges and incorporates by reference its responses to Paragraphs 1-60 as though fully set forth herein.

61. The allegations in Paragraph 61 of Plaintiff's Complaint do not pertain to the City of Tulsa as a Defendant and therefore do not require a response.

62. The allegations in Paragraph 62 of Plaintiff's Complaint do not pertain to the City of Tulsa as a Defendant and therefore do not require a response.

63. The allegations in Paragraph 63 of Plaintiff's Complaint do not pertain to the City of Tulsa as a Defendant and therefore do not require a response.

64. The allegations in Paragraph 64 of Plaintiff's Complaint do not pertain to the City of Tulsa as a Defendant and therefore do not require a response.

65. The allegations in Paragraph 65 of Plaintiff's Complaint do not pertain to the City of Tulsa as a Defendant and therefore do not require a response.

**CLAIM # 3: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT**
**42 U.S.C. § 1983**
**Defendant City of Tulsa**

66. City realleges and incorporates by reference its responses to Paragraphs 1-65 as though fully set forth herein.

67. City lacks sufficient information to admit or deny the allegations in Paragraph 67 of Plaintiff's Complaint, thus denies them.

68. City lacks sufficient information to admit or deny the allegations in Paragraph 68 of Plaintiff's Complaint, thus denies them.

69. City admits that the officers were acting within the scope of their employment as alleged in Paragraph 69 of Plaintiff's Complaint but denies the remaining allegations in Paragraph 69 of Plaintiff's Complaint.

70. City lacks sufficient information to admit or deny the allegations in Paragraph 70 of Plaintiff's Complaint, thus denies them.

71. City denies the allegations in Paragraph 71 of Plaintiff's Complaint.

72. City denies the allegations in Paragraph 72 of Plaintiff's Complaint.

73. City denies the allegations in Paragraph 73 of Plaintiff's Complaint.

**CLAIM # 4: VIOLATION OF THE EQUAL PROTECTION CLAUSE**
**42 U.S.C. § 1983 Fourteenth Amendment to the United States Constitution**
**Defendants Carrocia & Root**

74. City realleges and incorporates by reference its responses to Paragraphs 1-73 as though fully set forth herein.

75. The allegations in Paragraph 75 of Plaintiff's Complaint do not pertain to the City of Tulsa as a Defendant and therefore do not require a response.

76. The allegations in Paragraph 76 of Plaintiff's Complaint do not pertain to the City of Tulsa as a Defendant and therefore do not require a response.

77. The allegations in Paragraph 77 of Plaintiff's Complaint do not pertain to the City of Tulsa as a Defendant and therefore do not require a response.

78. The allegations in Paragraph 78 of Plaintiff's Complaint do not pertain to the City of Tulsa as a Defendant and therefore do not require a response.

79. The allegations in Paragraph 79 of Plaintiff's Complaint do not pertain to the City of Tulsa as a Defendant and therefore do not require a response.

80. The allegations in Paragraph 80 of Plaintiff's Complaint do not pertain to the City of Tulsa as a Defendant and therefore do not require a response from this Defendant.

### CLAIM # 5: RATIFICATION OF VIOLATIONS OF MS. PARIS' CIVIL RIGHTS
### 42 U.S.C. § 1983
### Defendants City of Tulsa and Bynum

81. City realleges and incorporates by reference its responses to Paragraphs 1-80 as though fully set forth herein.

82. City lacks sufficient information to admit or deny the allegations in Paragraph 82 of Plaintiff's Complaint, thus denies them.

83. City admits the allegations of Paragraph 83 of Plaintiff's Complaint and would further state that Section 136B of TPD's policies and procedures defines bias-based policing as, "the detention, interdiction, or other disparate treatment of an individual solely on the basis of the gender, sexual orientation, age, ethnicity, disability, political affiliation, religion, national origin, economic status, cultural group, gender identity/expression or race."

84. City admits the allegations in Paragraph 84 of Plaintiff's Complaint.

85. City admits the allegations in Paragraph 85 of Plaintiff's Complaint.

86. City admits the allegations in Paragraph 86 of Plaintiff's Complaint and further admits that Section 101A states: "Whenever possible and when such delay will not compromise the safety of the officer or another and will not result in the destruction of evidence, escape of a suspect, or commission of a crime, an officer shall allow an individual time and opportunity to submit to verbal commands before force is used. An officer shall use de-escalation techniques and other alternatives to higher levels of force consistent with his or her training whenever possible and appropriate before resorting to force and to reduce the need for force".

87. City admits that Plaintiff's son submitted a complaint as alleged in Paragraph 87 of Plaintiff's Complaint but is without sufficient information to admit or deny the remaining allegations set forth therein, thus denies them.

88. City admits TPD released the quoted statement set forth in Paragraph 88 of Plaintiff's Complaint but denies the mischaracterization employed by Plaintiff therein.

89. City is without sufficient information to admit or deny the allegations in Paragraph 89 of Plaintiff's Complaint, thus denies them.

90. City admits the TPD statement includes the phrase quoted in Paragraph 90 of Plaintiff's Complaint but denies the mischaracterization by Plaintiff therein.

91. City admits that Mayor Bynum made the statement quoted in Paragraph 91 of Plaintiff's Complaint. The allegation that the Mayor is the final policymaker for TPD is merely a legal conclusion and no response thereto is required. City is without sufficient information to admit or deny the remaining allegations in Paragraph 91, thus denies them.

92. City denies the allegations in Paragraph 92 of Plaintiff's Complaint and demands strict proof thereof.

**CLAIM # 6: DELIBERATELY INDIFFERENT**
**POLICIES, CUSTOMS, TRAINING, AND SUPERVISION**
**42 U.S.C. § 1983**
**Defendant City of Tulsa**

93. City realleges and incorporates by reference its responses to Paragraphs 1-92 above as though fully set forth herein.

94. City denies the allegations in Paragraph 94 of Plaintiff's Complaint.

95. City lacks sufficient information to admit or deny the allegations in Paragraph 95 of Plaintiff's Complaint, thus denies them.

96. City lacks sufficient information to admit or deny the allegations in Paragraph 96 of Plaintiff's Complaint, thus denies them.

97. City lacks sufficient information to admit or deny the allegations in Paragraph 97 of Plaintiff's Complaint, thus denies them.

98. City lacks sufficient information to admit or deny the allegations in Paragraph 98 of Plaintiff's Complaint, thus denies them.

99. City lacks sufficient information to admit or deny the allegations in Paragraph 99 of Plaintiff's Complaint, thus denies them.

100. City lacks sufficient information to admit or deny the allegations in Paragraph 100 of Plaintiff's Complaint, thus denies them.

101. City denies the allegations in Paragraph 101 of Plaintiff's Complaint and demands strict proof thereof.

102. City denies the allegations in Paragraph 102 of Plaintiff's Complaint and demands strict proof thereof.

103. City lacks sufficient information to admit or deny the allegations in Paragraph 103 of Plaintiff's Complaint, thus denies them.

104. City lacks sufficient information to admit or deny the allegations in Paragraph 104 of Plaintiff's Complaint, thus denies them.

105. City lacks sufficient information to admit or deny the allegations in Paragraph 105 of Plaintiff's Complaint, thus denies them.

106. City lacks sufficient information to admit or deny the allegations in Paragraph 106 of Plaintiff's Complaint, thus denies them.

107. City lacks sufficient information to admit or deny the allegations in Paragraph 107 of Plaintiff's Complaint, thus denies them.

108. City lacks sufficient information to admit or deny the allegations in Paragraph 108 of Plaintiff's Complaint, thus denies them.

109. City lacks sufficient information to admit or deny the allegations in Paragraph 109 of Plaintiff's Complaint, thus denies them.

110. City denies the allegations in Paragraph 110 of Plaintiff's Complaint and demands strict proof thereof.

111. City lacks sufficient information to admit or deny the allegations in Paragraph 111 of Plaintiff's Complaint, thus denies them.

112. City denies the allegations in Paragraph 112 of Plaintiff's Complaint and demands strict proof thereof.

113. City lacks sufficient information to admit or deny the allegations in Paragraph 113 of Plaintiff's Complaint, thus denies them.

114. City lacks sufficient information to admit or deny the allegations in Paragraph 114 of Plaintiff's Complaint, thus denies them.

115. City lacks sufficient information to admit or deny the allegations in Paragraph 115 of Plaintiff's Complaint, thus denies them.

116. City lacks sufficient information to admit or deny the allegations in Paragraph 111 of Plaintiff's Complaint, thus denies them.

117. City denies the allegations in Paragraph 117 of Plaintiff's Complaint and demands strict proof thereof.

118. City admits the allegations in Paragraph 118 of Plaintiff's Complaint.

119. City denies the allegations in Paragraph 119 of Plaintiff's Complaint.

120. City denies the allegations in Paragraph 120 of Plaintiff's Complaint.

121. City denies the allegations in Paragraph 121 of Plaintiff's Complaint.

122. City denies the allegations in Paragraph 122 of Plaintiff's Complaint and demands strict proof thereof.

123. City denies the allegations in Paragraph 123 of Plaintiff's Complaint and demands strict proof thereof.

124. City admits the allegations in Paragraph 124 of Plaintiff's Complaint.

125. City admits the allegations in Paragraph 125 of Plaintiff's Complaint and would admit it was when Mr. Brooks resisted arrest that TPD officers deployed a taser and pepper spray.

126. City admits the allegations in Paragraph 126 of Plaintiff's Complaint and would further admit that the cause of death was determined to be due to cardiomegaly and coronary artery atherosclerosis involving acute cocaine intoxication.

127. City admits that Officer Shelby shot and killed Terrence Crutcher, Sr., but denies the remainder of the allegations in Paragraph 127 of Plaintiff's Complaint.

128. City admits the allegations in Paragraph 128 of Plaintiff's Complaint.

129. City admits the allegations in Paragraph 129 of Plaintiff's Complaint.

130. City lacks sufficient information to admit or deny the allegations in Paragraph 130 of Plaintiff's Complaint, thus denies them.

131. City lacks sufficient information to admit or deny the allegations in Paragraph 131 of Plaintiff's Complaint, thus denies them.

132. City lacks sufficient information to admit or deny the allegations in Paragraph 132 of Plaintiff's Complaint, thus denies them.

133. City lacks sufficient information to admit or deny the allegations in Paragraph 133 of Plaintiff's Complaint, thus denies them.

134. City admits the allegations in Paragraph 134 of Plaintiff's Complaint and would further admit that TPD Officers were responding to a call from a security guard that a man was sleeping in his vehicle with the motor running and loud music blaring at Jackie Cooper Imports and the security guard could not wake the man.

135. City denies the allegations in Paragraph 135 of Plaintiff's Complaint.

136. City admits the officers then placed Mr. Wilkins in handcuffs as alleged in Paragraph 136 of Plaintiff's Complaint but is without sufficient information to admit or deny the remaining allegations contained therein, thus denies them.

137. City denies the allegations in Paragraph 137 of Plaintiff's Complaint.

138. City lacks sufficient information to admit or deny the allegations in Paragraph 138 of Plaintiff's Complaint, thus denies them.

139. City lacks sufficient information to admit or deny the allegations in Paragraph 139 of Plaintiff's Complaint, thus denies them.

140. City admits that pepper spray was used on Mr. Wilkins as alleged in Paragraph 140 of Plaintiff's Complaint and would further state it was used as Mr. Wilkins continued to resist and refuse commands.

141. City denies the allegations in Paragraph 141 of Plaintiff's Complaint and demands strict proof thereof.

142. City denies the allegations in Paragraph 142 of Plaintiff's Complaint.

143. City denies the allegations in Paragraph 143 of Plaintiff's Complaint and demands strict proof thereof.

144. City admits the allegations in Paragraph 144 of Plaintiff's Complaint.

145. City denies the allegations in Paragraph 145 of Plaintiff's Complaint and demands strict proof thereof.

146. City admits that a lawsuit was filed on behalf of Mr. Craig as alleged in Paragraph 146 of Plaintiff's Complaint but denies the allegations made in the subject lawsuit and would further state that the lawsuit was dismissed.

147. City admits that police responded to a call involving Joshua Harvey as alleged in Paragraph 147 of Plaintiff's Complaint but is lacking sufficient information to admit or deny the remaining allegations in Paragraph 147 and, therefore, denies them.

148. City admits the allegations in Paragraph 148 of Plaintiff's Complaint.

149. City denies the allegations in Paragraph 149 of Plaintiff's Complaint.

150. City denies the allegations in Paragraph 150 of Plaintiff's Complaint and demands strict proof thereof.

151. City lacks sufficient information to admit or deny the allegations in Paragraph 151 of Plaintiff's Complaint, thus denies them.

152. City denies the allegations in Paragraph 152 of Plaintiff's Complaint.

153. City denies the allegations in Paragraph 153 of Plaintiff's Complaint.

154. City admits that TPD Officers took Mr. Fields to the ground while arresting him as alleged in Paragraph 154 of Plaintiff's Complaint but denies that Mr. Fields was tackled and placed in a headlock.

155. City lacks sufficient information to admit or deny the allegations in Paragraph 155 of Plaintiff's Complaint, thus denies them.

156. City lacks sufficient information to admit or deny the allegations in Paragraph 156 of Plaintiff's Complaint, thus denies them.

157. City lacks sufficient information to admit or deny the allegations in Paragraph 157 of Plaintiff's Complaint, thus denies them.

158. City lacks sufficient information to admit or deny the allegations in Paragraph 158 of Plaintiff's Complaint, thus denies them.

159. City lacks sufficient information to admit or deny the allegations in Paragraph 159 of Plaintiff's Complaint, thus denies them.

160. City lacks sufficient information to admit or deny the allegations in Paragraph 160 of Plaintiff's Complaint, thus denies them.

161. City lacks sufficient information to admit or deny the allegations in Paragraph 161 of Plaintiff's Complaint, thus denies them.

162. City lacks sufficient information to admit or deny the allegations in Paragraph 162 of Plaintiff's Complaint, thus denies them.

163. City lacks sufficient information to admit or deny the allegations in Paragraph 163 of Plaintiff's Complaint, thus denies them.

164. City denies the allegations in Paragraph 164 of Plaintiff's Complaint and demands strict proof thereof.

165. City denies the allegations in Paragraph 165 of Plaintiff's Complaint.

166. City denies the allegations in Paragraph 166 of Plaintiff's Complaint.

167. City lacks sufficient information to admit or deny the allegations in Paragraph 167 of Plaintiff's Complaint, thus denies them.

168. City denies the allegations in Paragraph 168 of Plaintiff's Complaint.

169. City admits the allegations in Paragraph 169 of Plaintiff's Complaint.

170. City lacks sufficient information to admit or deny the allegations in Paragraph 170 of Plaintiff's Complaint, thus denies them.

171. City lacks sufficient information to admit or deny the allegations in Paragraph 171 of Plaintiff's Complaint, thus denies them.

172. City lacks sufficient information to admit or deny the allegations in Paragraph 172 of Plaintiff's Complaint, thus denies them.

173. City lacks sufficient information to admit or deny the allegations in Paragraph 173 of Plaintiff's Complaint, thus denies them.

174. City lacks sufficient information to admit or deny the allegations in Paragraph 174 of Plaintiff's Complaint, thus denies them.

175. City lacks sufficient information to admit or deny the allegations in Paragraph 175 of Plaintiff's Complaint, thus denies them.

176. City denies the allegation in Paragraph 176 of Plaintiff's Complaint.

177. City denies the allegations in Paragraph 177 of Plaintiff's Complaint.

178. City lacks sufficient information to admit or deny the allegations in Paragraph 178 of Plaintiff's Complaint, thus denies them.

179. City lacks sufficient information to admit or deny the allegations in Paragraph 179 of Plaintiff's Complaint, thus denies them.

180. City lacks sufficient information to admit or deny the allegations in Paragraph 180 of Plaintiff's Complaint, thus denies them.

181. City lacks sufficient information to admit or deny the allegations in Paragraph 181 of Plaintiff's Complaint, thus denies them.

182. City lacks sufficient information to admit or deny the allegations in Paragraph 182 of Plaintiff's Complaint, thus denies them.

183. City denies the allegations in Paragraph 183 of Plaintiff's Complaint and demands strict proof thereof.

184. City lacks sufficient information to admit or deny the allegations in Paragraph 184 of Plaintiff's Complaint, thus denies them.

185. City denies the allegations in Paragraph 185 of Plaintiff's Complaint.

186. City admits the allegations in Paragraph 186 of Plaintiff's Complaint.

187. City lacks sufficient information to admit or deny the allegations in Paragraph 187 of Plaintiff's Complaint, thus denies them.

188. City lacks sufficient information to admit or deny the allegations in Paragraph 188 of Plaintiff's Complaint, thus denies them.

189. City admits that Defendant Root made the alleged statement but denies the remainder of the allegations in Paragraph 189 of Plaintiff's Complaint.

190. City admits that the allegations in Paragraph 190 of Plaintiff's Complaint but denies the characterization of the statement.

191. The allegations in Paragraph 191 of Plaintiff's Complaint merely constitute Plaintiff's conclusions and no response is required. To the extent a response is deemed necessary, City denies them.

192. The allegations in Paragraph 192 of Plaintiff's Complaint merely constitute Plaintiff's conclusions and no response is required. To the extent a response is deemed necessary, City denies them.

193. City denies the allegations in Paragraph 193 of Plaintiff's Complaint.

194. City denies the allegations in Paragraph 194 of Plaintiff's Complaint and demands strict proof thereof.

195. City denies the allegations in Paragraph 195 of Plaintiff's Complaint and demands strict proof thereof.

**CLAIM # 7: SUPERVISORY LIABILITY**
**42 U.S.C. § 1983**
**Defendant Bynum**

196. City realleges and incorporates by reference its responses to Paragraphs 1-195 as though fully set forth herein.

197. The allegations in Paragraph 197 of Plaintiff's Complaint do not pertain to the City of Tulsa as a Defendant and therefore do not require a response.

198. The allegations in Paragraph 198 of Plaintiff's Complaint do not pertain to the City of Tulsa as a Defendant and therefore do not require a response.

199. The allegations in Paragraph 199 of Plaintiff's Complaint do not pertain to the City of Tulsa as a Defendant and therefore do not require a response.

200. The allegations in Paragraph 200 of Plaintiff's Complaint do not pertain to the City of Tulsa as a Defendant and therefore do not require a response.

201. The allegations in Paragraph 201 of Plaintiff's Complaint do not pertain to the City of Tulsa as a Defendant and therefore do not require a response.

202. The allegations in Paragraph 202 of Plaintiff's Complaint do not pertain to the City of Tulsa as a Defendant and therefore do not require a response.

203. The allegations in Paragraph 203 of Plaintiff's Complaint do not pertain to the City of Tulsa as a Defendant and therefore do not require a response.

## CLAIMS # 8-9: MALICIOUS PROSECUTION
### 42 U.S.C. § 1983 | Fourth & Fourteenth Amendments to the United States Constitution & Oklahoma Common Law
### Defendant Carrocia

204. City realleges and incorporates by reference its responses to Paragraphs 1-203 as though fully set forth herein.

205. The allegations in Paragraph 205 of Plaintiff's Complaint do not pertain to the City of Tulsa as a Defendant and therefore do not require a response.

206. The allegations in Paragraph 206 of Plaintiff's Complaint do not pertain to the City of Tulsa as a Defendant and therefore do not require a response.

207. The allegations in Paragraph 207 of Plaintiff's Complaint do not pertain to the City of Tulsa as a Defendant and therefore do not require a response.

208. The allegations in Paragraph 208 of Plaintiff's Complaint do not pertain to the City of Tulsa as a Defendant and therefore do not require a response.

209. The allegations in Paragraph 209 of Plaintiff's Complaint do not pertain to the City of Tulsa as a Defendant and therefore do not require a response.

210. The allegations in Paragraph 210 of Plaintiff's Complaint do not pertain to the City of Tulsa as a Defendant and therefore do not require a response.

211. The allegations in Paragraph 211 of Plaintiff's Complaint do not pertain to the City of Tulsa as a Defendant and therefore do not require a response.

212. The allegations in Paragraph 212 of Plaintiff's Complaint do not pertain to the City of Tulsa as a Defendant and therefore do not require a response.

213. The allegations in Paragraph 213 of Plaintiff's Complaint do not pertain to the City of Tulsa as a Defendant and therefore do not require a response.

214. The allegations in Paragraph 214 of Plaintiff's Complaint do not pertain to the City of Tulsa as a Defendant and therefore do not require a response.

215. The allegations in Paragraph 215 of Plaintiff's Complaint do not pertain to the City of Tulsa as a Defendant and therefore do not require a response.

216. The allegations in Paragraph 216 of Plaintiff's Complaint do not pertain to the City of Tulsa as a Defendant and therefore do not require a response.

217. The allegations in Paragraph 217 of Plaintiff's Complaint do not pertain to the City of Tulsa as a Defendant and therefore do not require a response.

218. The allegations in Paragraph 218 of Plaintiff's Complaint do not pertain to the City of Tulsa as a Defendant and therefore do not require a response.

219. The allegations in Paragraph 219 of Plaintiff's Complaint do not pertain to the City of Tulsa as a Defendant and therefore do not require a response.

220. The allegations in Paragraph 220 of Plaintiff's Complaint do not pertain to the City of Tulsa as a Defendant and therefore do not require a response.

221. The allegations in Paragraph 221 of Plaintiff's Complaint do not pertain to the City of Tulsa as a Defendant and therefore do not require a response.

222. The allegations in Paragraph 222 of Plaintiff's Complaint do not pertain to the City of Tulsa as a Defendant and therefore do not require a response.

223. The allegations in Paragraph 223 of Plaintiff's Complaint do not pertain to the City of Tulsa as a Defendant and therefore do not require a response.

224. The allegations in Paragraph 224 of Plaintiff's Complaint do not pertain to the City of Tulsa as a Defendant and therefore do not require a response.

225. The allegations in Paragraph 225 of Plaintiff's Complaint do not pertain to the City of Tulsa as a Defendant and therefore do not require a response.

226. The allegations in Paragraph 226 of Plaintiff's Complaint do not pertain to the City of Tulsa as a Defendant and therefore do not require a response.

227. The allegations in Paragraph 227 of Plaintiff's Complaint do not pertain to the City of Tulsa as a Defendant and therefore do not require a response.

228. The allegations in Paragraph 228 of Plaintiff's Complaint do not pertain to the City of Tulsa as a Defendant and therefore do not require a response.

229. The allegations in Paragraph 229 of Plaintiff's Complaint do not pertain to the City of Tulsa as a Defendant and therefore do not require a response.

230. The allegations in Paragraph 230 of Plaintiff's Complaint do not pertain to the City of Tulsa as a Defendant and therefore do not require a response.

231. The allegations in Paragraph 231 of Plaintiff's Complaint do not pertain to the City of Tulsa as a Defendant and therefore do not require a response.

232. The allegations in Paragraph 232 of Plaintiff's Complaint do not pertain to the City of Tulsa as a Defendant and therefore do not require a response.

233. The allegations in Paragraph 233 of Plaintiff's Complaint do not pertain to the City of Tulsa as a Defendant and therefore do not require a response.

234. The allegations in Paragraph 234 of Plaintiff's Complaint do not pertain to the City of Tulsa as a Defendant and therefore do not require a response.

235. The allegations in Paragraph 235 of Plaintiff's Complaint do not pertain to the City of Tulsa as a Defendant and therefore do not require a response.

**CLAIM # 10: FALSE LIGHT**
**Oklahoma Common Law**
**Defendant Carrocia**

236. City realleges and incorporates by reference its responses to Paragraphs 1-235 as though fully set forth herein.

237. The allegations in Paragraph 237 of Plaintiff's Complaint do not pertain to the City of Tulsa as a Defendant and therefore do not require a response.

238. The allegations in Paragraph 238 of Plaintiff's Complaint do not pertain to the City of Tulsa as a Defendant and therefore do not require a response.

239. The allegations in Paragraph 239 of Plaintiff's Complaint do not pertain to the City of Tulsa as a Defendant and therefore do not require a response.

240. The allegations in Paragraph 240 of Plaintiff's Complaint do not pertain to the City of Tulsa as a Defendant and therefore do not require a response.

241. The allegations in Paragraph 241 of Plaintiff's Complaint do not pertain to the City of Tulsa as a Defendant and therefore do not require a response.

242. The allegations in Paragraph 242 of Plaintiff's Complaint do not pertain to the City of Tulsa as a Defendant and therefore do not require a response.

243. The allegations in Paragraph 243 of Plaintiff's Complaint do not pertain to the City of Tulsa as a Defendant and therefore do not require a response.

244. The allegations in Paragraph 244 of Plaintiff's Complaint do not pertain to the City of Tulsa as a Defendant and therefore do not require a response.

245. The allegations in Paragraph 245 of Plaintiff's Complaint do not pertain to the City of Tulsa as a Defendant and therefore do not require a response.

246. The allegations in Paragraph 246 of Plaintiff's Complaint do not pertain to the City of Tulsa as a Defendant and therefore do not require a response.

### CLAIM # 11: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
#### Oklahoma Common Law
#### Defendant Carrocia

247. City realleges and incorporates by reference its responses to Paragraphs 1-246 as though fully set forth herein.

248. The allegations in Paragraph 248 of Plaintiff's Complaint do not pertain to the City of Tulsa as a Defendant and therefore do not require a response.

249. The allegations in Paragraph 249 of Plaintiff's Complaint do not pertain to the City of Tulsa as a Defendant and therefore do not require a response.

250. The allegations in Paragraph 250 of Plaintiff's Complaint do not pertain to the City of Tulsa as a Defendant and therefore do not require a response.

251. The allegations in Paragraph 251 of Plaintiff's Complaint do not pertain to the City of Tulsa as a Defendant and therefore do not require a response.

252. The allegations in Paragraph 252 of Plaintiff's Complaint do not pertain to the City of Tulsa as a Defendant and therefore do not require a response.

## CLAIM # 12: ASSAULT
### Oklahoma Common Law
### Defendant Carrocia

253. City realleges and incorporates by reference its responses to Paragraphs 1-252 as though fully set forth herein.

254. The allegations in Paragraph 254 of Plaintiff's Complaint do not pertain to the City of Tulsa as a Defendant and therefore do not require a response.

255. The allegations in Paragraph 255 of Plaintiff's Complaint do not pertain to the City of Tulsa as a Defendant and therefore do not require a response.

256. The allegations in Paragraph 256 of Plaintiff's Complaint do not pertain to the City of Tulsa as a Defendant and therefore do not require a response.

257. The allegations in Paragraph 257 of Plaintiff's Complaint do not pertain to the City of Tulsa as a Defendant and therefore do not require a response.

## CLAIM # 13: UNREASONABLE SEARCH
### 42 U.S.C. § 1983 | Fourth/Fourteenth Amendments to the United States Constitution
### Defendants Carrocia & Burns

258. City realleges and incorporates by reference its responses to Paragraphs 1-257 as though fully set forth herein.

259. The allegations in Paragraph 259 of Plaintiff's Complaint do not pertain to the City of Tulsa as a Defendant and therefore do not require a response.

260. The allegations in Paragraph 260 of Plaintiff's Complaint do not pertain to the City of Tulsa as a Defendant and therefore do not require a response.

261. The allegations in Paragraph 261 of Plaintiff's Complaint do not pertain to the City of Tulsa as a Defendant and therefore do not require a response.

262. The allegations in Paragraph 262 of Plaintiff's Complaint do not pertain to the City of Tulsa as a Defendant and therefore do not require a response.

263. The allegations in Paragraph 263 of Plaintiff's Complaint do not pertain to the City of Tulsa as a Defendant and therefore do not require a response.

264. The allegations in Paragraph 264 of Plaintiff's Complaint do not pertain to the City of Tulsa as a Defendant and therefore do not require a response.

265. The allegations in Paragraph 265 of Plaintiff's Complaint do not pertain to the City of Tulsa as a Defendant and therefore do not require a response.

266. The allegations in Paragraph 266 of Plaintiff's Complaint do not pertain to the City of Tulsa as a Defendant and therefore do not require a response.

267. The allegations in Paragraph 267 of Plaintiff's Complaint do not pertain to the City of Tulsa as a Defendant and therefore do not require a response.

### CLAIM # 14: INTERFERENCE WITH CONTRACT
### Oklahoma Common Law
### Defendants Carrocia & Root

268. City realleges and incorporates by reference its responses to Paragraphs 1-267 as though fully set forth herein.

269. The allegations in Paragraph 269 of Plaintiff's Complaint do not pertain to the City of Tulsa as a Defendant and therefore do not require a response.

270. The allegations in Paragraph 270 of Plaintiff's Complaint do not pertain to the City of Tulsa as a Defendant and therefore do not require a response.

271. The allegations in Paragraph 271 of Plaintiff's Complaint do not pertain to the City of Tulsa as a Defendant and therefore do not require a response.

272. The allegations in Paragraph 272 of Plaintiff's Complaint do not pertain to the City of Tulsa as a Defendant and therefore do not require a response.

273. The allegations in Paragraph 273 of Plaintiff's Complaint do not pertain to the City of Tulsa as a Defendant and therefore do not require a response.

274. The allegations in Paragraph 274 of Plaintiff's Complaint do not pertain to the City of Tulsa as a Defendant and therefore do not require a response.

275. The allegations in Paragraph 275 of Plaintiff's Complaint do not pertain to the City of Tulsa as a Defendant and therefore do not require a response.

The City denies Plaintiff is entitled to any of the relief requested under her "Prayer For Relief" and demands strict proof thereof.

## **AFFIRMATIVE DEFENSES**

1. Plaintiff fails to state a claim upon which relief may be granted.

2. All tort claims are subject to the provisions of the Oklahoma Governmental Tort Claims Act, 51 O.S. §§ 151 et seq.  The City demands strict compliance.

3. The City's actions or inactions did not proximately cause plaintiff's injuries.

4. Plaintiff's constitutional rights were not violated.

5. At the time Plaintiff was arrested, her constitutional rights were not clearly established.

6. The City did not promulgate, create, implement, or possess responsibility for the continued operation of a policy that caused the complained of constitutional harm, nor did the City act with the state of mind required to establish the alleged constitutional deprivation.

7. The City's policies were lawful on their face, and the Plaintiff cannot prove that the City had notice of its alleged failure to act, awareness that the failure to act resulted in a constitutional deprivation, and that the City consciously chose to disregard the harm.

8. The City denies there is any direct causal link which supports Plaintiff's claims that any policy or custom, or the alleged failure of the City to adopt a policy or custom, or to adequately train or supervise Defendant Officers or any other City employee was the direct cause of any damage or injury to Plaintiff.

9. The City did not have actual or constructive notice that its actions or failures to act were substantially certain to result in a violation of Plaintiff's constitutional rights, nor did the City consciously or deliberately choose to disregard any such risk of harm.

10. The actual facts will not support an actionable claim for deprivations of the Plaintiff's constitutional rights against the City of Tulsa, and accordingly, the Plaintiff cannot establish a claim upon which relief can be granted.

11. Absent a properly proven predicate constitutional violation by an individual defendant, the City cannot be held liable under Section 1983 for alleged failures of policy, training, or supervision.

12. To the extent that any of the TPD officers' conduct violated Plaintiff's state or federal constitutional rights, the City did not acquiesce, accept, endorse, or act in a manner that is inconsistent with their obligations to the City of Tulsa and in violation of Plaintiff's constitutional rights

13. To the extent that any of the TPD officers' conduct violated Plaintiff's state or federal constitutional rights, the City did not act or fail to act in any way that would have ratified that specific conduct or the basis for it.

14. To the extent that any of the TPD officers' conduct violated Plaintiff's state or federal constitutional rights, the officers were not acting within any policy or custom of the City.

15. The City is not subject to vicarious or *respondeat superior* liability for any bad faith, malicious, or intentionally wrongful conduct of any employee (All allegations of intentional wrongful conduct are denied.).

16. Plaintiff's claims are or may be barred by applicable statute(s) of limitations.

17. The need for further training or supervision was not so obvious to the policymaking officials as to support liability.

18. The City's actions were at all times reasonable under the circumstances.

19. The City denies any and all allegations that its actions or inactions are the cause of any damages.

20. There is no evidence that the City acted with any malice towards Plaintiff.

21. The damages complained of may have been caused in whole or in part by third parties over whom the City exercises no control.

22. Plaintiff fails to allege a sufficient basis for policy, pattern, and practice warranting the imposition of liability.

23. Plaintiff assumed the risk of her behavior when she acted in a manner that was in violation of the law or was not consistent with the safety and well-being for herself and others.

24. Any and all damages or injuries alleged by Plaintiff were solely and proximately caused by persons or entities for whom the City is not liable for their acts and omissions as a matter of law.

25. Pleading in the alternative, the actions attributed to the individual officers of the Tulsa Police Department by the Plaintiff, if proven, constitute intentional and/or criminal acts which fall outside the scope of their employment, for which the City is not responsible.

26. The City is not jointly and severally liable.

27. The doctrine of collateral estoppel/issue preclusion bars liability against the City.

28. The doctrine of waiver bars liability against the City.

29. Plaintiff's alleged injuries were caused by Plaintiff's own comparative negligence.

30. Plaintiff's alleged injuries were caused by Plaintiff's criminal, illegal, unreasonable, and intentional and/or negligent actions.

31. Punitive or exemplary damages are not available under 51 O.S. §154 (C).

32. Plaintiff's punitive damage claims are unlawful under the U.S. Constitution and the Oklahoma Constitution.

33. The City is not responsible for intervening, superseding, and/or supervening causes that resulted in damages.

34. The City and its employees are immune from suit due to absolute immunity and qualified immunity.

35. For further answer and defense, the City reserves the right to plead additional defenses and to amend this Answer at any time, up to and including, Pre-Trial.

WHEREFORE, having fully answered, the City of Tulsa respectfully requests this Court to grant judgment in its favor and award the City its costs and fees, including attorney's fees, if available, together with such other and further relief to which this Court deems just under the law and equity.

JURY TRIAL DEMANDED.

Respectfully Submitted,

CITY OF TULSA,
a municipal corporation

JACK C. BLAIR,
City Attorney

BY:   <u>/s/R. Lawson Vaughn       </u>
R. Lawson Vaughn, OBA # 21557
Senior Assistant City Attorney
Hayes T. Martin, OBA # 32059
Assistant City Attorney
City Hall, One Technology Center
175 East Second Street, Suite 685
Tulsa, Oklahoma  74103
(918) 596-7717 Telephone
(918) 596-9700  Facsimile
*Attorneys for Defendant City of Tulsa*

## CERTIFICATE OF SERVICE

I hereby certify that on June 3, 2022, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the counsel of record in this case.

<u> /s/ R. Lawson Vaughn </u>
R. Lawson Vaughn