IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

(1) LADONNA PARIS,

    Plaintiff,

vs.

(1) RONNI CARROCIA, *et al.*,

    Defendants.

Case No. 22-CV-235-TCK-JFJ

**DEFENDANT RONNI CARROCIA'S**
**PARTIAL MOTION TO DISMISS AND BRIEF IN SUPPORT**

Defendant Ronni Carrocia ("Defendant Carrocia") moves for an Order dismissing Plaintiff's Complaint under FED. R. CIV. P. 12(b)(6) because four of her stated causes of action fail to state a claim upon which relief could be granted. To wit, Plaintiff's Complaint lodges an Equal Protection Clause claim against Defendant Carrocia, as well as state law false light, intentional infliction of emotional distress, and assault claims. *See* Ex. 1, Plaintiff's Complaint, pp. 10-11 and 33-35, pars. 74-80 and 236-257. Defendant Carrocia seeks dismissal of each of these claims. Defendant Carrocia addresses Plaintiff's remaining claims in her Partial Answer, filed contemporaneously herewith. In support of Defendant Carrocia's Motion, the following arguments and authorities are submitted.

## I. INTRODUCTION

Plaintiff, Ladonna Paris ("Ms. Paris") has filed this Section 1983 case against Defendants Ronni Carrocia ("Carrocia"), Daylan Root ("Root"), Ty Burns ("Burns"), George Theron Bynum, IV ("Mayor Bynum"), in their individual capacities, and the City of Tulsa. The lawsuit arises out of an October 25, 2021 interaction between Ms. Paris and Tulsa Police Department Officers, Carrocia, Root, and Burns. On that date, Tulsa Police Department officers responded to a call at a local Habitat for Humanity store, where Ms. Paris had locked herself in a bathroom and, for over four hours, refused to leave.

During the course of the interaction, Defendants Carrocia and Root, who arrived on scene before Officer Burns, communicated with Ms. Paris in an attempt to get her to leave the bathroom and store. Ms. Paris refused and began spraying an aerosol can through cracks in the locked door. Ms. Paris' erratic behavior escalated throughout the interaction; at one point, it appeared to officers that she was attempting to set fire to the flammable aerosol spray in the confined bathroom space, threatening her own safety, the store patrons and employees' safety, and the officers' safety. After Officer Burns arrived on scene, the officers breached the bathroom door and arrested Ms. Paris. Ms. Paris brought this lawsuit alleging violations of her constitutional rights and violations of Oklahoma state law.

Four of the claims brought against Defendant Carrocia are ripe for dismissal. Specifically, Ms. Paris claims Defendant Carrocia violated the Equal Protection Clause of the Fourteenth Amendment, committed an assault, committed an intentional infliction of emotional distress, and committed the tort of false light. *See* Ex. 1. Defendant Carrocia moves to dismiss the Equal Protection claim brought against her, because Plaintiff has

failed to plead sufficient facts to state a plausible violation. Plaintiff's Equal Protection claim is based solely on the allegedly unprofessional comments Defendant Carrocia made during the subject interaction, which are insufficient to form the basis of a constitutional violation. Defendant Carrocia further moves to dismiss Plaintiff's false light claim, for the reason that Defendant Carrocia did not publicize anything related to Ms. Paris. Defendant Carrocia moves to dismiss Plaintiff's intentional infliction of emotional distress claim for the reasons that she has failed to plead "extreme" or "outrageous" conduct on the part of Defendant Carrocia. Finally, Defendant Carrocia moves to dismiss Plaintiff's state law assault claim, because, per her own allegations, Plaintiff was never placed in apprehension of an immediate harmful contact. Based on the foregoing and the brief below, Defendant Carrocia respectfully requests that the Court grant her Partial Motion to Dismiss.

## II. STANDARD OF REVIEW

When considering a Motion to Dismiss under the Federal Rules, the Court must accept as true all well pled allegations in Plaintiff's Complaint, and construe them in a light most favorable to the Plaintiff. However, "[t]o withstand dismissal, the plaintiffs' allegations must 'state a claim to relief that is plausible on its face.'" *Moya v. Garcia*, 895 F.3d 1229, 1232 (10th Cir. 2018) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Furthermore, a plaintiff's factual allegations "must 'raise a right to relief above the speculative level.'" *McDonald v. Wise*, 769 F.3d 1202, 1210 (10th Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). The complaint must possess enough heft to "show that the pleader is entitled to relief." *Twombly*, 550 U.S. at 557. It is the plaintiff's duty to

furnish factual "allegations plausibly suggesting (not merely consistent with)" an entitlement to relief. *Id*.

The court need not credit bald assertions or legal conclusions. *Anspach v. Phila. Dep't of Pub. Health*, 503 F.3d 256, 260 (3d Cir. 2007) (citation omitted). "Legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Id*. (citations omitted). A "[p]laintiff's obligation to provide the 'grounds' of their entitlement to relief requires more than labels and conclusions or a formulaic recitation of the elements of the cause of action." *League of United Latin American Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (citing *Twombly* 550 U.S. at 555-6).

"The Court must ask whether there is plausibility in the complaint when addressing the issue of sufficient factual pleadings to overcome a Rule 12(b)(6) Motion to Dismiss." *Hall v. Witteman*, 584 F.3d 859, 863 (10th Cir. 2009) (citing *Christy Sports, LLC v. Deer Valley Resort Co.*, 555 F.3d 1188, 1191 (10th Cir. 2009)). The *Hall* Court noted that "a claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Hall* at 863 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Likewise, in *Iqbal*, the Supreme Court stressed that it is not enough for the plaintiff to plead facts "merely consistent" with the defendant's liability and that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal* at 678.

## III. ARGUMENTS AND AUTHORITIES

### A. Because Verbal Abuse is not Violative of the Constitution, Plaintiff's Equal Protection Claim Fails.

Plaintiff claims that Defendant Carrocia violated her Fourteenth Amendment rights to Equal Protection of the laws when Carrocia allegedly inflicted verbal abuse onto Plaintiff during the subject interaction. *See* Ex. 1, Plaintiff's Complaint, pp. 10-11, pars. 74-80. However, "verbally abusive language, racial epithets, taunts, death threats, and deplorable language" do not amount to a constitutional violation. *Prejean v. Corr. Healthcare Companies, Inc.*, No. 13-CV-111-JED-FHM, 2015 WL 711694, at *3 (N.D. Okla. Feb. 18, 2015); *see also McBride v. Deer,* 240 F.3d 1281, 1291, n. 3 (10th Cir. 2001) (threats and verbal taunts do not violate the Eighth Amendment); *Collins v. Cundy,* 603 F.2d 825, 827 (10th Cir.1979) (*per curiam*) (threats to hang a detainee did not state a claim for constitutional deprivation under § 1983); *Moore v. Morris,* 116 F. App'x. 203 (10th Cir.2004) (unpublished) (verbal abuse by use of a racial epithet does not constitute constitutional violation); *Yarbrough v. City of Kingfisher,* 153 F.3d 730, 1998 WL 427122, *2 (10th Cir. Jul.14, 1998) (unpublished) (allegation that sheriff threatened inmate with death and used a racial epithet, without further action, did not establish constitutional violation under § 1983); *Williams v. Levansailor,* 153 F.3d 730, 1998 WL 426865 (10th Cir. Jul. 21, 1998) (unpublished) (allegations of racial epithets, which are deplorable, offensive and unprofessional, do not constitute a constitutional violation); *Harris v. Rocchio,* 132 F.3d 42, 1997 WL 787185, *3 (10th Cir. Dec. 24, 1997) (unpublished) ("Insensitive words do not amount to an Eighth Amendment violation."); *Buford v.*

*Leck,* 991 F.2d 805, 1993 WL 125412 (10th Cir. Apr. 20, 1993) (unpublished) ("Under 42 U.S.C. § 1983, this court has held that words alone, no matter how reprehensible, are not sufficient to state a constitutional violation."); and *Patton v. Przybylski*, 822 F.2d 697, 700 (7th Cir. 1987) (**use of derogatory racial epithets does not violate Fourteenth Amendment**) (emphasis added); *Taylor v. City of Bixby*, Okla., No. 12-CV-0066-CVE-FHM, 2012 WL 6115051, at *12 (N.D. Okla. Dec. 10, 2012); and *Rivera v. Garfield Cnty. Sheriff's Dep't*, No. CIV-15-1299-M, 2015 WL 10015375, at *5 (W.D. Okla. Dec. 14, 2015), report and recommendation adopted, No. CIV-15-1299-M, 2016 WL 540811 (W.D. Okla. Feb. 9, 2016) (verbal harassment is insufficient to form the basis of a constitutional violation).

Plaintiff alleges that, during the subject interaction, Defendant Carrocia mocked Ms. Paris' mental condition and insulted her. Plaintiff cites this conduct—and only this conduct—as the basis for her Equal Protection claim against Defendant Carrocia. However, even if true, "verbally abusive language" and "taunts" cannot serve as the basis for a constitutional claim. *See*, *e.g., McBride,* 240 F.3d at 1291 n. 3 ("[B]eing subjected to nothing more than threats and verbal taunts" does not violate the Constitution). Because Ms. Paris only cites alleged verbal abuse in support of her Equal Protection claim, Ms. Paris has failed to state a claim for violation of the Fourteenth Amendment's Equal Protection Clause and her same claim against Defendant Carrocia should be dismissed with prejudice.

**B.  Because a Police Report is not "Publicity," Plaintiff's False Light Claim Fails.**

Next, Plaintiff claims that Defendant Carrocia's police report placed her in a false light to the public. *See* Ex. 1, Plaintiff's Complaint, pp. 33-34, pars. 236-246. However, because the subject police report is not "publicity" for purposes of a False Light claim, Plaintiff's same claim against Defendant Carrocia should be dismissed with prejudice.

A false light claim requires proof of the following:

> (1) the defendant gave **publicity** to a matter concerning the plaintiff that placed the plaintiff before the public in a false light, (2) the false light in which the plaintiff was placed would be highly offensive to a reasonable person, and (3) the defendant had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the other would be placed.

*Mitchell v. Griffin Television, L.L.C.*, 60 P.3d 1058, 1061 (Okla. Ct. Civ. App. 2002) (internal citation omitted) (emphasis added). In order to meet the "publicity" requirement, the plaintiff must plead and prove that the matter was "widely publicized" to the public. *See* § 5:114, False light invasion of privacy—Elements of a claim for invasion of false light privacy, 1 Rights of Publicity and Privacy § 5:114 (2d ed); *McLaughlin v. Board of Regents of University of Oklahoma*, 566 F. Supp. 3d 1204, 1217 (W.D. Okla. 2021) (statements by athletic coaches that a university student-athlete was racist and homophobic made to her team members and at small meetings with university personnel does not establish requisite publicity); and *Polin v. Dun & Bradstreet, Inc.*, 768 F.2d 1204, 1206 (10th Cir. 1985) (publication of credit report allegedly constituting a false light invasion of privacy: summary judgment for defendant because communication to only seventeen subscribers to

the report does not constitute giving "publicity" to the matter). While a police report is available to the public, it is not "necessarily certain to reach the public[,]" thus, it does not satisfy the "publicity" element of a false light claim. *Williams v. OmniSource Corporation*, No. 3:14-CV-718, 2018 WL 340154, *12 (N.D. Ohio 2018) (Filing a police report asserting charges against plaintiff not sufficient publicity because "[w]hile a police report is available to those seeking that information, I do not find it is a communication that is necessarily certain to reach the public."); and *Kennedy v. Caruso*, No. 3:19-CV-260(VLB), 2021 WL 5415262, *21 (D. Conn. 2021) ("the mere fact that the police report is publicly available and could be disseminated is not enough to satisfy the publicity requirement").

There is no allegation that Defendant Carrocia submitted the subject report to local or national media outlets. There is no allegation that Defendant Carrocia posted her report or observations to a social media website. There is no allegation that Defendant Carrocia "widely publicized" her report or observations. Plaintiff only alleges that Defendant Carrocia recorded her observations of the subject interaction on a police report—a typical duty of any law enforcement officer. Though this report is publicly available, it is not "necessarily certain to reach the public[]" at large, thus, it is not "publicity" for purposes of Plaintiff's False Light claim. Because Defendant Carrocia did not widely publicize any information related to Plaintiff, Plaintiff's False Light claim against Defendant Carrocia should be dismissed.

**C. Because Defendant Carrocia's Conduct was not "Extreme" or "Outrageous," Plaintiff's Intentional Infliction of Emotional Distress Claim Fails.**

Plaintiff claims that during Defendant Carrocia's interaction with Plaintiff, Defendant Carrocia "taunted, harassed, mocked, and provoked Ms. Paris[.]" *See* Ex. 1, Plaintiff's Complaint, pp. 34-35, pars. 247-252. Plaintiff claims that this conduct was extreme and outrageous and asserts a claim for intentional infliction of emotional distress based on this alleged verbal harassment. However, as plead by Plaintiff, she has only alleged that Defendant Carrocia engaged in, at most, "[m]ere insults, indignities, threats, annoyances, petty oppressions, or other trivialities." This conduct is neither "extreme" nor "outrageous," thus, Plaintiff has failed to state a claim for intentional infliction of emotional distress. The claim against Defendant Carrocia should be dismissed.

In Oklahoma, the tort of intentional infliction of emotional distress is governed by the standards of § 46 Restatement of Torts (Second) [1977]. *Eddy v. Brown*, 715 P.2d 74, 76–77 (Okla. 1986). "One who by extreme or outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm." *Id*. In Oklahoma, **"[i]t is the trial court's responsibility initially to determine whether the defendant's conduct may reasonably be regarded as sufficiently extreme and outrageous to meet the [Section] 46 standards. Only when it is found that reasonable men would differ in an assessment of this critical issue may the tort-of-outrage claim be submitted to a jury."** *Eddy*, 715 P.2d at 76–77 (footnote omitted) (emphasis added).

"Mere insults[1], indignities, threats, annoyances, petty oppressions, or other trivialities" are insufficient to serve as the basis for an Intentional Infliction of Emotional Distress claim." *Id*. at 77. "Conduct which, though unreasonable, is neither 'beyond all possible bounds of decency' in the setting in which it occurred, nor is one that can be 'regarded as utterly intolerable in a civilized community,' falls short of having actionable quality." *Id*. Moreover,

> "[t]his is a high bar to clear" and "for an IIED claim to succeed, 'the distress must be of such a character that no reasonable person could be expected to endure it.' " *Young*, 721 Fed. Appx. at 805 (quoting *Daemi*, 931 F.2d at 1389) (internal quotations omitted). To meet this high bar, "[n]othing short of '*[e]xtraordinary* transgressions of the bounds of civility' will give rise to liability for intentional infliction of emotional distress." *Starr*, 54 F.3d at 1558 (quoting *Merrick v. Northern Natural Gas Co.*, 911 F.2d 426, 432 (10th Cir. 1990) ) (emphasis in original).

*Ogu v. Pathfinder*, No. CV-16-296-D, 2018 WL 6173890, at *9 (W.D. Okla. Nov. 26, 2018). Generally, public ridicule does not constitute an **"[e]xtraordinary transgression of the bounds of civility."** *United States ex rel. Williams v. City of Elk City*, No. CIV-07-139-W, 2008 WL 11343000, at *3–4 (W.D. Okla. Oct. 16, 2008) (Citing Restatement of Torts (Second), n. 6, pp. 77) (emphasis added). Other courts have held that law enforcement officers' discourteous behavior, verbal abuse, and insulting comments cannot reasonably be regarded as so extreme or outrageous to permit recovery. *See e.g.*, *Pakos v. Clark*, 253 Or. 113, 453 P.2d 682 (Ore. 1969) (finding that offensive conduct of law enforcement officers—statements to the plaintiff indicating that he was of unsound mind; threats to

---

[1] "Not every abusive outburst or offensive verbal encounter may be converted into a tort; on the contrary, it would be indeed unfortunate if the law were to close all the safety valves through which irascible tempers might legally blow off steam." *Eddy*, 715 P.2d at 77.

incarcerate plaintiff without cause; and accusations that plaintiff committed the crime of larceny—could not reasonably be regarded as so extreme and outrageous as to permit recovery); and *Pawlicki v. City of Ithaca*, 993 F. Supp. 140 (N.D.N.Y. 1998) (verbal abuse and discourteous behavior of law enforcement officers during plaintiff's detainment did not approach the type of conduct necessary to be successful on an emotional distress claim.).

The comments allegedly made by Defendant Carrocia at the scene of the interaction cannot reasonably be considered an "[e]xtraordinary transgression of the bounds of civility." There is no allegation that Defendant Carrocia engaged in a violent and threatening diatribe; at most, Plaintiff alleges she was peppered with "[m]ere insults, indignities, threats, annoyances, petty oppressions, [and/]or other trivialities." Against the wishes of the land premises owner, Ms. Paris locked herself in a bathroom for multiple hours. Defendant Carrocia communicated with Plaintiff in an attempt to compel her to leave the premises. Ms. Paris did not cooperate with Defendant Carrocia's commands and kept herself locked in the bathroom. As time passed, Defendant Carrocia tried a variety of tactics to motivate Ms. Paris to leave the bathroom *from* the other side of the locked door. Plaintiff now claims these verbal tactics caused her severe emotional distress. However, one who is not cooperating with a law enforcement officer's command should reasonably expect the officer to try a variety of verbal tactics and commands to obtain resolution. But varying one's verbal efforts to motivate a non-compliant citizen to follow orders is not remotely close to the kind of "extreme" or "outrageous" conduct that attaches tort liability for intentional infliction of emotional distress. *Eddy*, 715 P.2d at 77. Because Defendant

Carrocia's verbal tactics were not "extreme" or "outrageous," Plaintiff has failed to state a claim for intentional infliction of emotional distress, and the same claim should be dismissed with prejudice.

**D. Plaintiff has Failed to Plead an Injury Resulting from the Alleged Assault.**

Lastly, Plaintiff claims that, while was she was locked inside of a bathroom at the Habitat for Humanity, Defendant Carrocia activated a taser and warned Plaintiff that she would be tased if she did not comply with officer commands ("You wanna get tased?!"). *See* Ex. 1, Plaintiff's Complaint, pp. 35, pars. 253-257. Plaintiff has brought an assault claim against Defendant Carrocia based on the taser activation and accompanied verbal warning. However, at the time the taser was activated, a locked door separated Plaintiff from the taser. Because Plaintiff was behind the locked door, there was no physical way for Defendant Carrocia to immediately touch Plaintiff with the taser at the time of the activation and warning. Therefore, Plaintiff was not placed in apprehension of an immediate harmful or offensive contact, and her civil assault claim against Defendant Carrocia fails.

A simple assault may form the basis for a tort claim under the Oklahoma common law. See *Brown v. Ford*, 905 P.2d 223 (Okla. 1995). The Oklahoma Supreme Court has tacitly approved the elements for the tort of assault as set forth in the Restatement (Second) of Torts. *Id*. The Restatement (Second) Of Torts defines assault as follows:

(1) An actor is subject to liability to another for assault if:

    (a) he acts intending to cause a harmful or offensive contact with the person of the other or a third person, or an imminent apprehension of such a contact; and

>    (b) the other is thereby put in such **imminent apprehension**.

Restatement (Second) Of Torts §21 (Emphasis added).

A well-founded apprehension of imminent contact is the injury in a civil assault. *Sterling-Ward ex rel. Sterling v. Tujaka*, 414 F. Supp. 2d 727 (E.D. Mich. 2006), judgment aff'd on other grounds, 230 F. App'x. 570 (6th Cir. 2007) (applying Michigan law). The victim of an alleged assault must prove that he or she reasonably believed he or she was about to be touched in a harmful or offensive manner. *Yun Hee So v. Sook Ja Shin*, 212 Cal. App. 4th 652, 151 Cal. Rptr. 3d 257 (2d Dist. 2013), as modified on denial of reh'g, (Jan. 28, 2013). The object of the assault must believe that he or she is threatened by imminent physical harm or danger, *Dillingham v. Millsaps*, 809 F. Supp. 2d 820 (E.D. Tenn. 2011) (applying Tennessee law), or that he or she is in immediate apprehension of bodily harm. *Baska v. Scherzer*, 283 Kan. 750, 156 P.3d 617 (2007) (applying Kansas law). This injury necessarily requires that the defendant have the apparent ability to carry out the threatened harmful touching. See *Ware v. Riley*, 25 F. Supp. 3d 492 (D. Del. 2014) (applying Delaware law); *Thompson v. Anoka-Hennepin East Metro Narcotics*, 673 F. Supp. 2d 805 (D. Minn. 2009) (applying Minnesota law); *N.S. v. City of Alexandria*, 919 F. Supp. 2d 773 (W.D. La. 2013) (applying Louisiana law); and *Sweatt v. Doxtader*, 986 F. Supp. 2d 886 (E.D. Mich. 2013) (applying Michigan law).

Based on Plaintiff's allegations, Defendant Carrocia did not place Plaintiff in "apprehension of an immediate harmful contact." At the time of taser activation, a locked door separated the taser and Defendant Carrocia, from Ms. Paris' person. Thus, Defendant

Carrocia could not immediately touch Ms. Paris' person, and Ms. Paris could not have been placed in apprehension of the same. Therefore, Plaintiff has failed to plead an injury resulting from the taser activation, and her civil assault claim against Defendant Carrocia fails and should be dismissed with prejudice.

## IV.   CONCLUSION

For the reasons discussed herein, the Court should grant Defendant Ronni Carrocia's Partial Motion to Dismiss and dismiss the claims referenced herein.

s/ Jeffrey C. Hendrickson
Robert S. Lafferrandre, OBA #11897
Jeffrey C. Hendrickson, OBA #32798
**PIERCE COUCH HENDRICKSON BAYSINGER & GREEN, L.L.P.**
1109 North Francis Avenue
Oklahoma City, Oklahoma 73106
Telephone: (405) 235-1611
Facsimile: (405) 235-2904
rlafferrandre@piercecouch.com
jhendrickson@piercecouch.com

*Attorneys for Defendants*
*Ronni Carrocia and Ty Burns*

# CERTIFICATE OF SERVICE

I hereby certify that on July 5, 2022, I electronically submitted the attached document to the Clerk of Court using the ECF system for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

| | |
|---|---|
| Damario Solomon-Simmons | dss@solomonsimmons.com |
| J. Spencer Bryan | jsbryan@bryanterrill.com |
| R. Lawson Vaughn, III | lvaughn@cityoftulsa.org |
| Hayes Thomas Martin | hmartin@cityoftulsa.org |

s/ Jeffrey C. Hendrickson
Jeffrey C. Hendrickson