IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

(1)  LADONNA PARIS,

      Plaintiff,

vs.

(1)  RONNI CARROCIA, *et al*.,

      Defendants.

Case No. 22-CV-235-TCK-JFJ

## DEFENDANT RONNI CARROCIA'S <u>PARTIAL ANSWER</u>

Defendant Ronni Carrocia ("Defendant" or "Officer Carrocia") denies each and every material allegation of Plaintiff's Complaint except for those allegations expressly admitted herein, as identified below. Defendant Carrocia is concurrently filing a Partial Motion to Dismiss as referenced below, and adopts and incorporates any arguments raised therein into this Partial Answer.

## PARTIES, JURISDICTION & VENUE

1.  Upon information and belief, Defendant admits the allegations in Paragraph 1.

2.  Counsel for Defendant Carrocia are without sufficient knowledge or information to respond to the allegations in Paragraph 2.

3.  Insofar as the allegations in Paragraph 3 are made against Defendant Carrocia, they are admitted.

4.      The allegations in Paragraph 4 are admitted.

5.      Objection. The allegations in Paragraph 5 violate Fed. R. Civ. P. 10(b). Without waiving that objection, the allegation about Mayor Bynum being the duly elected Mayor of the City of Tulsa is admitted. The allegation about Mayor Bynum being the final policymaker for the Tulsa Police Department is a legal conclusion to which no response is required.

6.      The allegations in Paragraph 6 regarding personal and subject-matter jurisdiction are admitted. Defendant denies wrongdoing.

7.      The allegations in Paragraph 7 are admitted. Defendant denies wrongdoing.

8.      Upon information and belief, the allegations in Paragraph 8 are denied as phrased.

9.      In response to the allegations in Paragraph 9, it is admitted that venue is proper in this court under 28 U.S.C. § 1391(b)(2).

## STATEMENT OF FACTS

10.     The responses to Paragraphs 1-9 are incorporated as if fully set forth herein.

11.     Counsel for Defendant Carrocia are without sufficient knowledge or information to respond to the allegations in Paragraph 11.

12.     Counsel for Defendant Carrocia are without sufficient knowledge or information to respond to the allegations in Paragraph 12.

13.     Counsel for Defendant Carrocia are without sufficient knowledge or information to respond to the allegations in Paragraph 13.

14.     Counsel for Defendant Carrocia are without sufficient knowledge or information to respond to the allegations in Paragraph 14.

15.     Counsel for Defendant Carrocia are without sufficient knowledge or information to respond to the allegations in Paragraph 15.

16.     Counsel for Defendant Carrocia are without sufficient knowledge or information to respond to the allegations in Paragraph 16.

17.     Counsel for Defendant Carrocia are without sufficient knowledge or information to respond to the allegations in Paragraph 17.

18.     Objection. The allegations in Paragraph 18 violate Fed. R. Civ. P. 10(b). Without waiving that objection, it is admitted that Defendant Carrocia said "[a]t any point in time, we've gotta be ready for her to open that door and we've gotta be ready to fight because she seems pretty…" while Plaintiff was refusing to exit the bathroom at Habitat for Humanity Restore. It is denied that Defendants Carrocia and Root escalated the situation. Counsel for Defendant Carrocia are without sufficient knowledge or information to respond to the remaining allegations in Paragraph 18.

19.     The allegations in Paragraph 19 are denied as phrased.

20.     Objection. The allegations in Paragraph 20 violate Fed. R. Civ. P. 10(b). Without waiving that objection, the allegations in Paragraph 20 are denied. To the extent Plaintiff attempts to make allegations by referencing the photograph below Paragraph 20, this violates Fed. R. Civ. P. 10(b) and any such allegations are thus denied.

21.     Objection. The allegations in Paragraph 21 violate Fed. R. Civ. P. 10(b) and should be stricken under Fed. R. Civ. 12(f) as immaterial. Without waiving those

objections, the allegation in Paragraph 21 that Plaintiff stated "You think this is funny? I'm not laughing. Why are you?" is admitted. Counsel for Defendant are without sufficient knowledge or information to respond to the remaining allegations in Paragraph 21.

22.     Objection. The allegations in Paragraph 22 should be stricken under Fed. R. Civ. P. 12(f) as they are immaterial. Without waiving that objection, the allegations in Paragraph 22 that Plaintiff said "My God!," and Defendant said "My God!" are admitted. Plaintiff's characterization of Defendant's statement is denied.

23.     Objection. The allegations in Paragraph 23 should be stricken under Fed. R. Civ. P. 12(f) as they are immaterial. Without waiving that objection, the allegation in Paragraph 23 that Plaintiff said "that's not nice" is admitted.

24.     Objection. The allegations in Paragraph 24 violate Fed. R. Civ. P. 10(b) and should be stricken under Fed. R. Civ. P. 12(f) as they are immaterial. Without waiving those objections, the allegations that Defendant activated her taser and stated "do you want to get tased" are admitted. The remaining allegations in Paragraph 24 are denied as phrased.

25.     Objection. The allegation in Paragraph 25 should be stricken under Fed. R. Civ. P. 12(f) as it is immaterial. Without waiving that objection, it is admitted that while in the process of trying to coax Plaintiff out of the bathroom in which she had been for roughly four hours and in which she was spraying aerosol and appeared to be using a lighter to light the sprayed aerosol on fire, Defendant stated "you're gonna get pepper sprayed and that's gonna be a good time."

26.     Objection. The allegations in Paragraph 26 should be stricken under Fed. R. Civ. P. 12(f) as they are immaterial. Without waiving that objection, the allegations that

- 4 -

Defendant laughed and stated "I love my job" are admitted. The allegation that Defendant was taunting Plaintiff is denied. To the extent Plaintiff attempts to make allegations by referencing the photograph below Paragraph 26, this violates Fed. R. Civ. P. 10(b) and any such allegations are thus denied.

27.     Objection. The allegations in Paragraph 27 violates Fed. R. Civ. P. 10(b). Without waiving that objection, the allegation that Defendant stated "she's so 85" is admitted. The allegations that Defendant laughed at Plaintiff's "mental state" or stated anything "gleefully" are denied. Counsel for Defendant are without sufficient knowledge or information to respond to the remaining allegations in Paragraph 27.

28.     The allegations in Paragraph 28 are admitted.

29.     The allegations in Paragraph 29 are denied.

30.     The allegation in Paragraph 30 that Defendant stated "I'm gonna kick this door down and rip you outta there" is admitted. The allegation that Defendant threatened Plaintiff is denied.

31.     Objection. The allegations in Paragraph 31 should be stricken under Fed. R. Civ. P. 12(f) as they are immaterial. Without waiving that objection, the allegation in Paragraph 31 is admitted.

32.     In response to the allegations in Paragraph 32, it is admitted that Defendant stated "no, we're going to have to go hands on and throw you to the ground" in response to Plaintiff's statement that the Defendant Officers were going to have to shoot her. Plaintiff's mischaracterization of Defendant's statement is denied.

33.     Objection. The allegations in Paragraph 33 should be stricken under Fed. R. Civ. P. 12(f) as they are immaterial. Without waiving that objection, the allegations in Paragraph 33 are denied.

34.     The allegations in Paragraph 34 are denied.

35.     Objection. The allegations in Paragraph 35 violate Fed. R. Civ. P. 10(b). Without waiving that objection, it is denied that Plaintiff did not actively resist arrest. It is admitted that while resisting the Defendant Officers' attempts to handcuff her, Plaintiff stated "Okay. I'll go to jail. I don't mind."

36.     The allegations in Paragraph 36 are denied.

37.     The allegations in Paragraph 37 are denied.

38.     In response to the allegations in Paragraph 38, it is admitted that Defendant retrieved what appeared to be a pack of cigarettes from Plaintiff's person. The remaining allegations in Paragraph 38 are denied.

39.     The allegations in Paragraph 39 are denied.

40.     In respond to the allegations in Paragraph 40, it is admitted that Defendant told Plaintiff to sit down. The remaining allegations in Paragraph 40 are denied.

41.     Objection. The allegations in Paragraph 41 violate Fed. R. Civ. P. 10(b) and should be stricken under Fed. R. Civ. P. 12(f) as they are immaterial. Without waiving those objections, it is admitted Defendant stated "if you're gonna play stupid games, you're gonna win stupid prizes." The remaining allegations in Paragraph 41 are denied.

42.     Counsel for Defendant are without sufficient knowledge or information to respond to the allegations in Paragraph 42.

43.     In response to the allegations in Paragraph 43, it is admitted that someone stated "do you want us to take her down there to medical," to which Defendant stated "you can try" and then "or they can just refuse it if she is too combative."

44.     Counsel for Defendant are without sufficient knowledge or information to respond to the allegations in Paragraph 44.

45.     Counsel for Defendant are without sufficient knowledge or information to respond to the allegations in Paragraph 45.

46.     In response to the allegations in Paragraph 46, it is admitted that Plaintiff's charges were dismissed based upon the Tulsa County District Attorney's motion made "in the best interest of justice and for civil diversion."

**CLAIM #1: UNREASONABLE SEIZURE/EXCESSIVE FORCE**
**42 U.S.C. § 1983 | FOURTH/FOURTEENTH AMENDMENTS TO THE**
**UNITED STATES CONSTITUTION**

47.     The responses to Paragraphs 1-47 are incorporated as if fully set forth herein.

48.     The allegations in Paragraph 48 are denied.

49.     Counsel for Defendant are without sufficient knowledge or information to respond to the allegations in Paragraph 49.

50.     The allegations in Paragraph 50 are denied.

51.     Objection. The allegations in Paragraph 51 violate Fed. R. Civ. P. 10(b). Without waiving that objection, it is admitted that Officer Root stated "[w]hat if she has a weapon in there." The remaining allegations in Paragraph 51 are denied.

52.     The allegations in Paragraph 52 are denied.

53.     Objection. The allegations in Paragraph 53 violate Fed. R. Civ. P. 10(b). Without waiving that objection, it is admitted that Plaintiff was not "fleeing," and it is also admitted that Plaintiff locked herself inside a bathroom despite the property owner's request that she leave the premises, and while inside that bathroom with the door locked, made statements and actions evidencing an intent to light the building on fire.

54.     The allegations in Paragraph 54 are denied.

55.     The allegations in Paragraph 55 are denied.

56.     Counsel for Defendant are without sufficient knowledge or information to respond to the allegations in Paragraph 56.

57.     The allegations in Paragraph 57 are denied.

58.     In response to the allegations in Paragraph 58, it is admitted that a minor laceration to Plaintiff's face with apparent resultant bleeding is visible when Plaintiff is first seen on the available video footage. The severity of the laceration appears minimal. Counsel for Defendant are without sufficient knowledge or information to respond to the remaining allegations in Paragraph 58.

59.     The allegations in Paragraph 59 are denied.

## CLAIM #2: DELIBERATE INDIFFERENCE TO MEDICAL NEED 42 U.S.C. § 1983 | FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION

60.     The responses to Paragraphs 1-59 are incorporated as if fully set forth herein.

61.     The allegations in Paragraph 61 are denied.

62.     Counsel for Defendant are without sufficient knowledge or information to respond to the allegations in Paragraph 62.

63.     Objection. The allegations in Paragraph 63 violate Fed. R. Civ. P. 10(b). Without waiving that objection, it is admitted Defendant booked Plaintiff into the Tulsa County Jail. Counsel for Defendant are without sufficient knowledge or information to respond to the remaining allegations in Paragraph 63.

64.     Objection. The allegations in Paragraph 64 violate Fed. R. Civ. P. 10(b). Without waiving that objection, counsel for Defendant are without sufficient knowledge or information to respond to the allegations in Paragraph 64.

65.     The allegations in Paragraph 65 are denied.

## CLAIM #3: VIOLATE OF THE AMERICANS WITH DISABILITIES ACT 42 U.S.C. § 1983

66-73. The allegations in Paragraphs 66-73 of Plaintiff's Complaint are not made against Defendant and thus require no response.

## CLAIM #4: VIOLATION OF THE EQUAL PROTECTION CLAUSE 42 U.S.C. § 1983 | FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION

74-80. The allegations in Paragraphs 74-80 are subject to the Defendants' concurrently filed Partial Motion to Dismiss. Subject to the outcome of that Motion, the allegations in Paragraphs 74-80 are denied.

## CLAIM #5: RATIFICATION OF VIOLATIONS OF MS. PARIS' CIVIL RIGHTS 42 U.S.C. § 1983

81-92. The allegations in Paragraphs 81-92 of Plaintiff's Complaint are not made against Defendant and thus require no response.

## CLAIM #6: DELIBERATELY INDIFFERENT POLICIES, CUSTOMS, TRAINING AND SUPERVISION
## 42 U.S.C. § 1983

93-195.    The allegations in Paragraphs 93-195 of Plaintiff's Complaint are not made against Defendant and thus require no response.

## CLAIM #7: SUPERVISORY LIABILITY
## 42 U.S.C. § 1983

196-203.    The allegations in Paragraphs 196-203 of Plaintiff's Complaint are not made against Defendant and thus require no response.

## CLAIMS #8-9: MALICIOUS PROSECUTION
## 42 U.S.C § 1983 | FOURTH & FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION & OKLAHOMA COMMON LAW

204.    The responses to Paragraphs 1-203 are incorporated as if fully set forth herein.

205.    Objection. The allegations in Paragraph 205 violate Fed. R. Civ. P. 10(b). Without waiving that objection, it is admitted that Defendant arrested Plaintiff and booked her into the Tulsa County Jail. Counsel for Defendant are without sufficient knowledge or information to respond to the remaining allegations in Paragraph 205.

206.    Counsel for Defendant are without sufficient knowledge or information to respond to the allegations in Paragraph 206.

207.    Counsel for Defendant are without sufficient knowledge or information to respond to the allegations in Paragraph 207.

208.    The allegations in Paragraph 208 are denied.

209.    The allegations in Paragraph 209 are denied.

210.     Objection. The allegations in Paragraph 210 violate Fed. R. Civ. P. 10(b). Without waiving that objection, the allegations in Paragraph 210 are denied.

211.     The allegations in Paragraph 211 are denied.

212.     Counsel for Defendant are without sufficient knowledge or information to respond to the allegations in Paragraph 212.

213.     The allegations in Paragraph 213 are denied.

214.     The allegations in Paragraph 214 set forth the Oklahoma Uniform Jury Instruction for arson in the fourth degree under OUJI-CR 5-8 and as defined by Okla. Stat. tit. 21, § 1404(A), which speaks for itself. No response is required.

215.     The allegations in Paragraph 215 set forth the Oklahoma Uniform Jury Instruction for the definition of "malicious" as used in the OUJI for arson in the fourth degree and as defined by Okla. Stat. tit. 21, § 95 and *State v. McCray*, 176 P. 418 (Okla. 1918), which speaks for itself. No response is required.

216.     The allegations in Paragraph 216 are denied.

217.     Objection. The allegations in Paragraph 217 violate Fed. R. Civ. P. 10(b). Without waiving that objection, it is admitted that Plaintiff stated "get away from me" during the interaction with Defendants. All remaining allegations in Paragraph 217 are denied.

218.     Objection. The allegations in Paragraph 218 violate Fed. R. Civ. P. 10(b). Without waiving that objection, it is admitted that Plaintiff states she is "trying to save her life," but it is denied that this statement is in response to Defendant stating that Plaintiff was "trying to set the building on fire." The video footage suggests Plaintiff said multiple

unintelligible things in between Defendant stating that Plaintiff was trying to burn down the building and Plaintiff stating she was trying to save her life. Moreover, earlier, Plaintiff told Defendant that Defendant was "absolutely right" in response to Defendant telling Plaintiff that Plaintiff was going to go to jail for arson for trying to burn down the building.

219.   The allegations in Paragraph 219 set forth, in pertinent part, the elements of a criminal offense for animal cruelty under Okla. Stat. tit. 21, § 1685, which speaks for itself, and states, identifies as a violator anyone "who shall cause, procedure, or permit any such animal to be … deprived of necessary food, drink, shelter, or veterinary care to prevent suffering … shall be guilty of a felony…," and thereby speaks for itself.

220.   Counsel for Defendant are without sufficient knowledge or information to respond to the allegations in Paragraph 220.

221.   Counsel for Defendant are without sufficient knowledge or information to respond to the allegations in Paragraph 221, but notably, the governing statute does not require one who causes, procures, or permits an animal to be deprived of necessary food, drink, shelter, or veterinary care to act purposely or maliciously.

222.   In response to the allegations in Paragraph 222, it is admitted that Plaintiff made some version of the statement "they killed Cocoa and now they're trying to kill me." Counsel for Defendant are without sufficient knowledge or information to respond to the allegation about what Plaintiff believed.

223.   In response to the allegations in Paragraph 223, it is admitted Plaintiff asked where Cocoa was. It is not clear whether this occurred "multiple times."

224.   The allegations in Paragraph 224 are denied.

225.    Objection. The allegations in Paragraph 225 and footnote 26 to Paragraph 225 violate Fed. R. Civ. P. 10(b) and the footnote, in particular, should be stricken under Fed. R. Civ. P. 12(f) as they are completely immaterial. Without waiving those objections, it is denied that Defendant lacked probable cause to arrest Plaintiff for animal cruelty. It is denied that Defendant denied Plaintiff water as a punitive measure. It is admitted Plaintiff asked for water. It is admitted Defendant told Plaintiff that Plaintiff tried to set the officers on fire. It is admitted Defendant told Officer Root that she was really mad about the dog. Counsel for the Defendant are without sufficient knowledge or information to respond to the remaining allegations in Paragraph 225's footnote.

226.    The allegations in Paragraph 226 are denied.

227.    The allegations in Paragraph 227 are denied.

228.    Counsel for Defendant are without sufficient knowledge or information to respond to the allegation about the maximum amount of time Plaintiff had locked her dog inside the car alone without food or water in Paragraph 228.

229.    Objection. The allegation in Paragraph 229 should be stricken under Fed. R. Civ. P. 12(f) as immaterial. Without waiving this objection, counsel for Defendant are without sufficient knowledge or information to respond to the allegations in Paragraph 229.

230.    Objection. The allegation in Paragraph 230 should be stricken under Fed. R. Civ. P. 12(f) as immaterial. Without waiving this objection, counsel for Defendant are without sufficient knowledge or information to respond to the allegations in Paragraph 230.

231.    Objection. The allegation in Paragraph 231 should be stricken under Fed. R. Civ. P. 12(f) as immaterial. Without waiving this objection, counsel for Defendant are without sufficient knowledge or information to respond to the allegations in Paragraph 231.

232.    Objection. The allegation in Paragraph 232 should be stricken under Fed. R. Civ. P. 12(f) as immaterial. Without waiving this objection, counsel for Defendant are without sufficient knowledge or information to respond to the allegations in Paragraph 232.

233.    In response to the allegations in Paragraph 233, it is admitted that Plaintiff's charges were dismissed based upon the Tulsa County District Attorney's motion made "in the best interest of justice and for civil diversion."

234.    Objection. The allegations in Paragraph 234 violate Fed. R. Civ. P. 10(b). Without waiving that objection, the allegation of malicious prosecution is denied. Counsel for Defendant are without sufficient knowledge or information to respond to the remaining allegations in Paragraph 234.

235.    The allegations in Paragraph 235 are denied.

## CLAIM #10: FALSE LIGHT
## OKLAHOMA COMMON LAW

236-246.    The allegations in Paragraphs 236-246 are subject to the Defendants' concurrently filed Partial Motion to Dismiss. Subject to the outcome of that Motion, the allegations in Paragraphs 236-246 are denied.

## CLAIM #11: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## OKLAHOMA COMMON LAW

247-252.      The allegations in Paragraphs 247-252 are subject to the Defendants'

concurrently filed Partial Motion to Dismiss. Subject to the outcome of that Motion, the

allegations in Paragraphs 247-252 are denied.

## CLAIM #12: ASSAULT
## OKLAHOMA COMMON LAW

253-257.      The allegations in Paragraphs 247-252 are subject to the Defendants'

concurrently filed Partial Motion to Dismiss. Subject to the outcome of that Motion, the

allegations in Paragraphs 253-257 are denied.

## CLAIM #13: UNREASONABLE SEARCH
## 42 U.S.C. § 1983 | FOURTH/FOURTEENTH AMENDMENTS TO THE
## UNITED STATES CONSTITUTION

258.   The responses to Paragraphs 1-257 are incorporated as if fully set forth

herein.

259.   The allegations in Paragraph 259 are denied.

260.   The allegations in Paragraph 260 are denied.

261.   The allegations in Paragraph 261 are denied.

262.   The allegations in Paragraph 262 are denied.

263.   Objection. The allegations in Paragraph 263 violated Fed. R. Civ. P. 10(b).

Without waiving that objection, the allegations in Paragraph 263 are denied.

264.   Objection. The allegations in Paragraph 264 violated Fed. R. Civ. P. 10(b).

Without waiving that objection, the allegations in Paragraph 264 are denied.

265.   The allegations in Paragraph 265 are denied.

266.    The allegations in Paragraph 266 are denied.

267.    The allegations in Paragraph 267 are denied.

## CLAIM #14: INTERFERENCE WITH CONTRACT
## OKLAHOMA COMMON LAW

268.    The responses to Paragraphs 1-268 are incorporated as if fully set forth herein.

269.    The allegations in Paragraph 269 are denied.

270.    The allegations in Paragraph 270 are denied.

271.    Counsel for Defendant are without sufficient knowledge or information to respond to the allegation in Paragraph 271.

272.    The allegations in Paragraph 272 are denied.

273.    The allegations in Paragraph 273 are denied.

274.    Objection. The allegations in Paragraph 274 violate Fed. R. Civ. P. 10(b). Without waiving that objection, the allegations in Paragraph 274 are denied.

275.    Objection. The allegations in Paragraph 275 violate Fed. R. Civ. P. 10(b). Without waiving that objection, counsel for Defendant is without sufficient knowledge or information to respond to the allegation that the U-Haul in question was stolen. It is denied that any conduct related to the U-Haul resulted from Defendant's conduct.

276.    Any and all allegations in Plaintiff's "Prayer for Relief" paragraph are denied.

## **ADDITIONAL DEFENSES AND/OR AFFIRMATIVE DEFENSES**

1.      Defendant denies the nature and extent of Plaintiff's alleged injuries and/or damages.

2.      Plaintiff posed an imminent threat of harm to herself, to patrons of the subject store, to the property of the store, and to the responding officers.

3.      Plaintiff's constitutional rights were not violated.

4.      Defendant's actions were objectively reasonable.

5.      Any alleged search of Plaintiff was supported by reasonable suspicion and/or probable cause.

6.      Plaintiff's arrest was supported by probable cause.

7.      Plaintiff did not exhibit a "serious medical need" sufficient to make a claim for deliberate indifference.

8.      Defendant was not deliberately indifferent to any known, substantial risk of serious harm to the Plaintiff.

9.      Defendant's actions were reasonable, necessary and appropriate in light of the circumstances with which she was confronted.

10.      Defendant acted in good faith at all times.

11.      Defendant did not act with malice toward Plaintiff.

12.      Defendant's actions did not violate clearly established law.

13.      Defendant did not act or fail to act in any manner sufficient to shock the conscience of a reasonable person.

14.     Defendant is entitled to qualified immunity.

15.     Defendant was, at all times, acting within the course and scope of her employment with the City of Tulsa Police Department.

16.     Defendant did not promulgate or allow the formation of any official custom, policy or procedure that has an affirmative link to any alleged violation of Plaintiff's constitutional rights.

17.     Defendant has not executed or implemented any official custom, policy or procedure which can be found in any ordinance, regulation or a policy statement which resulted in a constitutional violation to the Plaintiff.

18.     Defendant denies that any damages allegedly suffered by Plaintiff may have been caused or contributed to by any negligent act or omission on the part of Defendant.

19.     Defendant states that the acts or omissions of the Plaintiff and/or other parties over whom Defendant had no control caused or contributed to Plaintiff's alleged damages.

20.     The injuries and damages complained of by Plaintiff were caused or contributed to by the acts, conduct, or negligence of the Plaintiff.

21.     The injuries and damages complained of by Plaintiff were caused or contributed to by an intervening cause for which Defendant cannot be liable.

22.     Plaintiff's claims may be barred, in whole or in part, by the applicable statute of limitations and/or doctrine of laches and/or doctrine of estoppel.

23.     Plaintiff may have failed to exhaust her administrative remedies.

24.     Plaintiff's complaint fails to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6).

25. Plaintiff failed to plead her claims with the requisite specificity required by *Bell Atlantic Corp. v. Twombly* (550 U.S. 544 (2007)) and *Ashcroft v. Iqbal* (556 U.S. 662 (2009)).

26. Plaintiff failed to state a claim under the Oklahoma Governmental Tort Claims Act, Okla. Stat. tit. 51, § 151, *et seq.*

27. Defendant is not a proper party to any claims under state tort law or the Oklahoma Constitution.

28. The proper party for any claims under the Oklahoma Governmental Tort Claims Act is the City of Tulsa.

29. Plaintiff's damages, if any, are limited and capped under the Oklahoma Governmental Tort Claims Act.

30. Plaintiff may have failed to comply with the notice and claim-denial provisions of the Oklahoma Governmental Tort Claims Act.

31. Plaintiff's claims should be dismissed under any applicable exceptions or exemptions to liability under the Oklahoma Governmental Tort Claims Act.

32. Plaintiff's claims for punitive damages are limited by applicable provisions of the United States Constitution, its relevant amendments, as well as limitations set forth by the U.S. Supreme Court in *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996) and *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003), as well as the Oklahoma Constitution and its relevant amendments.

33. Defendant is entitled to a set-off of any compensation received from a third party if Defendant is found liable, about which liability Defendant denies.

34.     To the extent Plaintiff settles with another defendant, Defendant is entitled to a settlement credit or a set-off of any settlement between Plaintiff and any other party under Okla. Stat. tit. 12, § 832(H).

35.     To the extent Plaintiff has failed to mitigate her damages, she is not entitled to relief.

36.     Defendant exercises her right to a jury trial under the Seventh and/or Fourteenth Amendments to the United States Constitution.

37.     Defendant reserves the right to add additional defenses as discovery begins and progresses.

For these reasons, Defendant Ronni Carrocia requests that Plaintiff Ladonna Paris take nothing by way of her Complaint, that it be dismissed, and for any other remedy which this Court deems fair and equitable under the circumstances.

Date: July 5, 2022

s/ Jeffrey C. Hendrickson
Robert S. Lafferrandre, OBA #11897
Jeffrey C. Hendrickson, OBA #32798
**PIERCE COUCH HENDRICKSON**
**BAYSINGER & GREEN, L.L.P.**
1109 North Francis Avenue
Oklahoma City, Oklahoma 73106
Telephone: (405) 235-1611
Facsimile: (405) 235-2904
jhendrickson@piercecouch.com

*Attorneys for Defendants*
*Ronni Carrocia and Ty Burns*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 5, 2022, I electronically submitted the attached document to the Clerk of Court using the ECF system for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Damario Solomon-Simmons      dss@solomonsimmons.com
J. Spencer Bryan                     jsbryan@bryanterrill.com
R. Lawson Vaughn, III              lvaughn@cityoftulsa.org
Hayes Thomas Martin             hmartin@cityoftulsa.org

s/ Jeffrey C. Hendrickson
Jeffrey C. Hendrickson