IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

(1)  LADONNA PARIS,

        Plaintiff,

vs.

Case No. 22-CV-235-TCK-JFJ

(1)  RONNI CARROCIA, *et al*.,

        Defendants.

## DEFENDANT TY BURNS' ANSWER

For his Answer to Plaintiff's Complaint, Defendant Ty Burns ("Defendant" or "Officer Burns") denies each and every material allegation except for those allegations expressly admitted herein, as identified below.

## PARTIES, JURISDICTION & VENUE

1.  Upon information and belief, Defendant admits the allegations in Paragraph 1.

2.  Counsel for Defendant are without sufficient knowledge or information to respond to the allegations in Paragraph 2.

3.  Insofar as the allegations in Paragraph 3 are made against Defendant Burns, it is admitted that Defendant Burns at all relevant times was employed by the Tulsa Police Department and acting under color of law. The remaining allegations in Paragraph 3 are denied.

4.     The allegations in Paragraph 4 are admitted.

5.     Objection. The allegations in Paragraph 5 violate Fed. R. Civ. P. 10(b). Without waiving that objection, the allegation about Mayor Bynum being the duly elected Mayor of the City of Tulsa is admitted. The allegation about Mayor Bynum being the final policymaker for the Tulsa Police Department is a legal conclusion to which no response is required.

6.     The allegations in Paragraph 6 regarding personal and subject-matter jurisdiction are admitted. Defendant denies wrongdoing.

7.     The allegations in Paragraph 7 are admitted. Defendant denies wrongdoing.

8.     Upon information and belief, the allegations in Paragraph 8 are denied as phrased.

9.     In response to the allegations in Paragraph 9, it is admitted that venue is proper in this court under 28 U.S.C. § 1391(b)(2).

## STATEMENT OF FACTS

10.     The responses to Paragraphs 1-9 are incorporated as if fully set forth herein.

11.     Counsel for Defendant are without sufficient knowledge or information to respond to the allegations in Paragraph 11.

12.     Counsel for Defendant are without sufficient knowledge or information to respond to the allegations in Paragraph 12.

13.     Counsel for Defendant are without sufficient knowledge or information to respond to the allegations in Paragraph 13.

14.     Counsel for Defendant are without sufficient knowledge or information to respond to the allegations in Paragraph 14.

15.     Counsel for Defendant are without sufficient knowledge or information to respond to the allegations in Paragraph 15.

16.     Counsel for Defendant are without sufficient knowledge or information to respond to the allegations in Paragraph 16.

17.     Counsel for Defendant are without sufficient knowledge or information to respond to the allegations in Paragraph 17.

18.     Objection. The allegations in Paragraph 18 violate Fed. R. Civ. P. 10(b). Without waiving that objection, it is admitted that Defendant Carrocia said "[a]t any point in time, we've gotta be ready for her to open that door and we've gotta be ready to fight because she seems pretty…" while Plaintiff was refusing to exit the bathroom at Habitat for Humanity Restore. It is denied that Defendants Carrocia and Root escalated the situation. Counsel for Defendant are without sufficient knowledge or information to respond to the remaining allegations in Paragraph 18.

19.     The allegations in Paragraph 19 are denied as phrased.

20.     Objection. The allegations in Paragraph 20 violate Fed. R. Civ. P. 10(b). Without waiving that objection, the allegations in Paragraph 20 are denied. To the extent Plaintiff attempts to make allegations by referencing the photograph below Paragraph 20, this violates Fed. R. Civ. P. 10(b) and any such allegations are thus denied.

21.     Objection. The allegations in Paragraph 21 violate Fed. R. Civ. P. 10(b) and should be stricken under Fed. R. Civ. 12(f) as immaterial. Without waiving those

objections, the allegation in Paragraph 21 that Plaintiff stated "You think this is funny? I'm not laughing. Why are you?" is admitted. Counsel for Defendant are without sufficient knowledge or information to respond to the remaining allegations in Paragraph 21.

22.     Objection. The allegations in Paragraph 22 should be stricken under Fed. R. Civ. P. 12(f) as they are immaterial. Without waiving that objection, the allegations in Paragraph 22 that Plaintiff said "My God!," and Defendant Carrocia said "My God!" are admitted. Plaintiff's characterization of Defendant Carrocia's statement is denied.

23.     Objection. The allegations in Paragraph 23 should be stricken under Fed. R. Civ. P. 12(f) as they are immaterial. Without waiving that objection, the allegation in Paragraph 23 that Plaintiff said "that's not nice" is admitted.

24.     Objection. The allegations in Paragraph 24 violate Fed. R. Civ. P. 10(b) and should be stricken under Fed. R. Civ. P. 12(f) as they are immaterial. Without waiving those objections, the allegations that Defendant Carrocia activated her taser and stated "do you want to get tased" are admitted. The remaining allegations in Paragraph 24 are denied as phrased.

25.     Objection. The allegation in Paragraph 25 should be stricken under Fed. R. Civ. P. 12(f) as it is immaterial. Without waiving that objection, it is admitted that while in the process of trying to coax Plaintiff out of the bathroom in which she had been for roughly four hours and in which she was spraying aerosol and appeared to be using a lighter to light the sprayed aerosol on fire, Defendant Carrocia stated "you're gonna get pepper sprayed and that's gonna be a good time."

26.     Objection. The allegations in Paragraph 26 should be stricken under Fed. R. Civ. P. 12(f) as they are immaterial. Without waiving that objection, the allegations that Defendant Carrocia laughed and stated "I love my job" are admitted. The allegation that Defendant Carrocia was taunting Plaintiff is denied. To the extent Plaintiff attempts to make allegations by referencing the photograph below Paragraph 26, this violates Fed. R. Civ. P. 10(b) and any such allegations are thus denied.

27.     Objection. The allegations in Paragraph 27 violates Fed. R. Civ. P. 10(b). Without waiving that objection, the allegation that Defendant Carrocia stated "she's so 85" is admitted. The allegations that Defendant Carrocia laughed at Plaintiff's "mental state" or stated anything "gleefully" are denied. Counsel for Defendant are without sufficient knowledge or information to respond to the remaining allegations in Paragraph 27.

28.     The allegations in Paragraph 28 are admitted.

29.     The allegations in Paragraph 29 are denied.

30.     The allegation in Paragraph 30 that Defendant Carrocia stated "I'm gonna kick this door down and rip you outta there" is admitted. The allegation that Defendant Carrocia threatened Plaintiff is denied.

31.     Objection. The allegations in Paragraph 31 should be stricken under Fed. R. Civ. P. 12(f) as they are immaterial. Without waiving that objection, the allegation in Paragraph 31 is admitted.

32.     In response to the allegations in Paragraph 32, it is admitted that Defendant Carrocia stated "no, we're going to have to go hands on and throw you to the ground" in

response to Plaintiff's statement that the Defendant Officers were going to have to shoot her. Plaintiff's mischaracterization of Defendant's statement is denied.

33.     Objection. The allegations in Paragraph 33 should be stricken under Fed. R. Civ. P. 12(f) as they are immaterial. Without waiving that objection, the allegations in Paragraph 33 are denied.

34.     The allegations in Paragraph 34 are denied.

35.     Objection. The allegations in Paragraph 35 violate Fed. R. Civ. P. 10(b). Without waiving that objection, it is denied that Plaintiff did not actively resist arrest. It is admitted that while resisting the Defendant Officers' attempts to handcuff her, Plaintiff stated "Okay. I'll go to jail. I don't mind."

36.     The allegations in Paragraph 36 are denied.

37.     The allegations in Paragraph 37 are denied.

38.     In response to the allegations in Paragraph 38, it is admitted that Defendant retrieved what appeared to be a pack of cigarettes from Plaintiff's person. The remaining allegations in Paragraph 38 are denied.

39.     The allegations in Paragraph 39 are denied.

40.     In respond to the allegations in Paragraph 40, it is admitted that Defendant Carrocia told Plaintiff to sit down. The remaining allegations in Paragraph 40 are denied.

41.     Objection. The allegations in Paragraph 41 violate Fed. R. Civ. P. 10(b) and should be stricken under Fed. R. Civ. P. 12(f) as they are immaterial. Without waiving those objections, it is admitted Defendant Carrocia stated "if you're gonna play stupid

games, you're gonna win stupid prizes." The remaining allegations in Paragraph 41 are denied.

42.     Counsel for Defendant are without sufficient knowledge or information to respond to the allegations in Paragraph 42.

43.     In response to the allegations in Paragraph 43, it is admitted that someone stated "do you want us to take her down there to medical," to which Defendant Carrocia stated "you can try" and then "or they can just refuse it if she is too combative."

44.     Counsel for Defendant are without sufficient knowledge or information to respond to the allegations in Paragraph 44.

45.     Counsel for Defendant are without sufficient knowledge or information to respond to the allegations in Paragraph 45.

46.     In response to the allegations in Paragraph 46, it is admitted that Plaintiff's charges were dismissed based upon the Tulsa County District Attorney's motion made "in the best interest of justice and for civil diversion."

### CLAIM #1: UNREASONABLE SEIZURE/EXCESSIVE FORCE
### 42 U.S.C. § 1983 | FOURTH/FOURTEENTH AMENDMENTS TO THE
### UNITED STATES CONSTITUTION

47.     The responses to Paragraphs 1-47 are incorporated as if fully set forth herein.

48.     The allegations in Paragraph 48 are denied.

49.     Counsel for Defendant are without sufficient knowledge or information to respond to the allegations in Paragraph 49.

50.     The allegations in Paragraph 50 are denied.

51.     Objection. The allegations in Paragraph 51 violate Fed. R. Civ. P. 10(b). Without waiving that objection, it is admitted that Officer Root stated "[w]hat if she has a weapon in there." The remaining allegations in Paragraph 51 are denied.

52.     The allegations in Paragraph 52 are denied.

53.     Objection. The allegations in Paragraph 53 violate Fed. R. Civ. P. 10(b). Without waiving that objection, it is admitted that Plaintiff was not "fleeing," and it is also admitted that Plaintiff locked herself inside a bathroom despite the property owner's request that she leave the premises, and while inside that bathroom with the door locked, made statements and actions evidencing an intent to light the building on fire.

54.     The allegations in Paragraph 54 are denied.

55.     The allegations in Paragraph 55 are denied.

56.     Counsel for Defendant are without sufficient knowledge or information to respond to the allegations in Paragraph 56.

57.     The allegations in Paragraph 57 are denied.

58.     In response to the allegations in Paragraph 58, it is admitted that a minor laceration to Plaintiff's face with apparent resultant bleeding is visible when Plaintiff is first seen on the available video footage. The severity of the laceration appears minimal. Counsel for Defendant are without sufficient knowledge or information to respond to the remaining allegations in Paragraph 58.

59.     The allegations in Paragraph 59 are denied.

## CLAIM #2: DELIBERATE INDIFFERENCE TO MEDICAL NEED
## 42 U.S.C. § 1983 | FOURTEENTH AMENDMENT TO THE
## UNITED STATES CONSTITUTION

60-65. The allegations in Paragraphs 60-65 of Plaintiff's Complaint are not made

against Defendant and thus require no response.

## CLAIM #3: VIOLATE OF THE AMERICANS WITH DISABILITIES ACT
## 42 U.S.C. § 1983

66-73. The allegations in Paragraphs 66-73 of Plaintiff's Complaint are not made

against Defendant and thus require no response.

## CLAIM #4: VIOLATION OF THE EQUAL PROTECTION CLAUSE
## 42 U.S.C. § 1983 | FOURTEENTH AMENDMENT TO THE
## UNITED STATES CONSTITUTION

74-80. The allegations in Paragraphs 74-80 of Plaintiff's Complaint are not made

against Defendant and thus require no response.

## CLAIM #5: RATIFICATION OF VIOLATIONS OF MS. PARIS' CIVIL RIGHTS
## 42 U.S.C. § 1983

81-92. The allegations in Paragraphs 81-92 of Plaintiff's Complaint are not made

against Defendant and thus require no response.

## CLAIM #6: DELIBERATELY INDIFFERENT POLICIES, CUSTOMS,
## TRAINING AND SUPERVISION
## 42 U.S.C. § 1983

93-195.        The allegations in Paragraphs 93-195 of Plaintiff's Complaint are not

made against Defendant and thus require no response.

## CLAIM #7: SUPERVISORY LIABILITY
## 42 U.S.C. § 1983

196-203.     The allegations in Paragraphs 196-203 of Plaintiff's Complaint are

not made against Defendant and thus require no response.

## CLAIMS #8-9: MALICIOUS PROSECUTION
## 42 U.S.C § 1983 | FOURTH & FOURTEENTH AMENDMENTS TO THE
## UNITED STATES CONSTITUTION & OKLAHOMA COMMON LAW

204-235.     The allegations in Paragraphs 204-235 of Plaintiff's Complaint are

not made against Defendant and thus require no response.

## CLAIM #10: FALSE LIGHT
## OKLAHOMA COMMON LAW

236-246.     The allegations in Paragraphs 236-246 of Plaintiff's Complaint are

not made against Defendant and thus require no response.

## CLAIM #11: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## OKLAHOMA COMMON LAW

247-252.     The allegations in Paragraphs 247-252 of Plaintiff's Complaint are

not made against Defendant and thus require no response.

## CLAIM #12: ASSAULT
## OKLAHOMA COMMON LAW

253-257.     The allegations in Paragraphs 253-257 of Plaintiff's Complaint are

not made against Defendant and thus require no response.

## CLAIM #13: UNREASONABLE SEARCH
## 42 U.S.C. § 1983 | FOURTH/FOURTEENTH AMENDMENTS TO THE
## UNITED STATES CONSTITUTION

258.    The responses to Paragraphs 1-257 are incorporated as if fully set forth

herein.

Case 4:22-cv-00235-TCK-JFJ   Document 21   Filed in USDC ND/OK on 07/05/22   Page 11 of 15

259.    The allegations in Paragraph 259 are denied.

260.    The allegations in Paragraph 260 are denied.

261.    The allegations in Paragraph 261 are denied.

262.    The allegations in Paragraph 262 are denied.

263.    Objection. The allegations in Paragraph 263 violated Fed. R. Civ. P. 10(b).

Without waiving that objection, the allegations in Paragraph 263 are denied.

264.    Objection. The allegations in Paragraph 264 violated Fed. R. Civ. P. 10(b).

Without waiving that objection, the allegations in Paragraph 264 are denied.

265.    The allegations in Paragraph 265 are denied.

266.    The allegations in Paragraph 266 are denied.

267.    The allegations in Paragraph 267 are denied.

<u>**CLAIM #14: INTERFERENCE WITH CONTRACT**</u>
<u>**OKLAHOMA COMMON LAW**</u>

268-276. The allegations in Paragraphs 268-276 of Plaintiff's Complaint are not
made against Defendant and thus require no response.

<u>**ADDITIONAL DEFENSES AND/OR AFFIRMATIVE DEFENSES**</u>

1.    Defendant denies the nature and extent of Plaintiff's alleged injuries and/or
damages.

2.    Plaintiff posed an imminent threat of harm to herself, to patrons of the subject
store, to the property of the store, and to the responding officers.

3.    Plaintiff's constitutional rights were not violated.

4.    Defendant's actions were objectively reasonable.

- 11 -

5.     Any alleged search of Plaintiff was supported by reasonable suspicion and/or probable cause.

6.     Plaintiff's arrest was supported by probable cause.

7.     Defendant's actions were reasonable, necessary and appropriate in light of the circumstances with which he was confronted.

8.     Defendant acted in good faith at all times.

9.     Defendant did not act with malice toward Plaintiff.

10.    Defendant's actions did not violate clearly established law.

11.    Defendant did not act or fail to act in any manner sufficient to shock the conscience of a reasonable person.

12.    Defendant is entitled to qualified immunity.

13.    Defendant was, at all times, acting within the course and scope of his employment with the City of Tulsa Police Department.

14.    Defendant did not promulgate or allow the formation of any official custom, policy or procedure that has an affirmative link to any alleged violation of Plaintiff's constitutional rights.

15.    Defendant has not executed or implemented any official custom, policy or procedure which can be found in any ordinance, regulation or a policy statement which resulted in a constitutional violation to the Plaintiff.

16.    Defendant denies that any damages allegedly suffered by Plaintiff may have been caused or contributed to by any negligent act or omission on the part of Defendant.

17.     Defendant states that the acts or omissions of the Plaintiff and/or other parties over whom Defendant had no control caused or contributed to Plaintiff's alleged damages.

18.     The injuries and damages complained of by Plaintiff were caused or contributed to by the acts, conduct, or negligence of the Plaintiff.

19.     The injuries and damages complained of by Plaintiff were caused or contributed to by an intervening cause for which Defendant cannot be liable.

20.     Plaintiff's claims may be barred, in whole or in part, by the applicable statute of limitations and/or doctrine of laches and/or doctrine of estoppel.

21.     Plaintiff may have failed to exhaust her administrative remedies.

22.     Plaintiff's complaint fails to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6).

23.     Plaintiff failed to plead her claims with the requisite specificity required by *Bell Atlantic Corp. v. Twombly* (550 U.S. 544 (2007)) and *Ashcroft v. Iqbal* (556 U.S. 662 (2009)).

24.     Plaintiff's claims for punitive damages are limited by applicable provisions of the United States Constitution, its relevant amendments, as well as limitations set forth by the U.S. Supreme Court in *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996) and *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003), as well as the Oklahoma Constitution and its relevant amendments.

25.     Defendant is entitled to a set-off of any compensation received from a third party if Defendant is found liable, about which liability Defendant denies.

- 13 -

26.     To the extent Plaintiff settles with another defendant, Defendant is entitled to a settlement credit or a set-off of any settlement between Plaintiff and any other party under Okla. Stat. tit. 12, § 832(H).

27.     To the extent Plaintiff has failed to mitigate her damages, she is not entitled to relief.

28.     Defendant exercises his right to a jury trial under the Seventh and/or Fourteenth Amendments to the United States Constitution.

29.     Defendant reserves the right to add additional defenses as discovery begins and progresses.

For these reasons, Defendant Ty Burns requests that Plaintiff Ladonna Paris take nothing by way of her Complaint, that it be dismissed, and for any other remedy which this Court deems fair and equitable under the circumstances.

Date: July 5, 2022

s/ Jeffrey C. Hendrickson
Robert S. Lafferrandre, OBA #11897
Jeffrey C. Hendrickson, OBA #32798
**PIERCE COUCH HENDRICKSON**
**BAYSINGER & GREEN, L.L.P.**
1109 North Francis Avenue
Oklahoma City, Oklahoma 73106
Telephone: (405) 235-1611
Facsimile: (405) 235-2904
jhendrickson@piercecouch.com

*Attorneys for Defendants*
*Ronni Carrocia and Ty Burns*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 5, 2022, I electronically submitted the attached document to the Clerk of Court using the ECF system for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Damario Solomon-Simmons       dss@solomonsimmons.com
J. Spencer Bryan              jsbryan@bryanterrill.com
R. Lawson Vaughn, III         lvaughn@cityoftulsa.org
Hayes Thomas Martin           hmartin@cityoftulsa.org

s/ Jeffrey C. Hendrickson
Jeffrey C. Hendrickson