UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OKLAHOMA

LADONNA PARRIS,

    Plaintiff,

vs.

RONNI CARROCIA, *et al.*,

    Defendants.

Case No.: 22-CV-235-TCK-JFJ

## JOINT STATUS REPORT

**Jury Demanded**:  **Yes**   No

**I.   Summary of Claims**:

1. Defendants Carrocia, Root, and Burns used excessive force against Plaintiff in violation of the Fourth Amendment to the United States Constitution by slamming Plaintiff to the ground and tackling her without provocation or resistance from Plaintiff and having no reason to believe she was armed or dangerous while acting under color of state law.

2. Defendants Carrocia and Root violated Plaintiff's rights under the Fourteenth Amendment to the United States Constitution when they laughed at Plaintiff, mocked her, and ridiculed her for her mental illness rather than seeking mental health treatment for her while acting under color of state law, demonstrating deliberate indifference to Plaintiff's serious medical needs.

3. Defendant City of Tulsa is liable to Plaintiff for the violation of her rights under the Americans with Disabilities Act by Defendants Carrocia, Root, and Burns, who, acting within the scope of their employment with the Tulsa Police Department ("TPD") and under color of state law, caused Plaintiff to suffer greater indignity than other arrestees without disabilities when they mocked and ridiculed Plaintiff in the course of arresting her for behavior they knew was a manifestation of her mental illness, and then willfully withheld material information regarding Plaintiff's health condition from the employees at the Tulsa County Jail.

4. Defendants Carrocia and Root are liable to Plaintiff for violating her rights under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution by treating her with indignity, disrespect, and mockery because of Plaintiff's mental illness—conduct to which they have not subjected similarly situated arrestees who do not suffer from mental illnesses—without any rational relation to any legitimate government purpose, while acting under color of state law.

5. Defendant City of Tulsa is liable to Plaintiff under 42 U.S.C. § 1983 because its policymakers ratified the Defendant Officers' unconstitutional and unlawful conduct, including the reasons for the conduct, in a statement released to the public.

6. Defendant City of Tulsa is liable to Plaintiff under § 1983 because its deliberately indifferent training and supervision and customs of excessive force and mistreating Tulsans who live with mental illnesses were the moving force behind the Defendant Officers' violation of Plaintiff's federal rights.

7. Defendant Bynum is liable to Plaintiff under §1983 because, while acting under color of state law, he was personally involved in and responsible for the adoption, enactment, ratification, enforcement, and maintenance of the unconstitutional and unlawful policies and practices that were the moving forces behind the violations of Plaintiff's federal rights in that he knew the Tulsa Police Department had problems with excessive force and mistreating Tulsans who live with mental illnesses and deliberately refused to remedy those problems.

8. Defendant Carrocia is liable to Plaintiff under both the Fourth and Fourteenth Amendments to the United States Constitution as well as Oklahoma common law for malicious prosecution, because she arrested Plaintiff and booked her into jail on bogus and/or exaggerated charges—which were ultimately dismissed in the interest of justice—without probable cause and for purposes other than to bring Plaintiff to justice while acting under color of state law.

9. Defendant Carrocia is liable to Plaintiff for intentional infliction of emotional distress for intentionally causing Plaintiff to suffer fear, horror, worry, and humiliation by mocking, harassing, and taunting Plaintiff on the basis of her disability and threatening to give Plaintiff's beloved dog, Cocoa, away to someone else.

10. Defendant Carrocia is liable to Plaintiff for assault because she intentionally and in bad faith caused Plaintiff to apprehend an imminent harmful contact with her person by threatening to use her taser against Plaintiff and activating the sound to make it audible to Plaintiff.

11. Defendants Carrocia and Burns are liable to Plaintiff for violating her right against unreasonable searches conferred by the Fourth Amendment to the United States Constitution, because, acting under color of state law, they conducted an unlawful strip search of Plaintiff by pulling down her pants to retrieve a pack of cigarettes, exposing her buttocks, while pinning her to the ground and in the presence of three strangers for no justifiable reason.

12. Defendants Carrocia and Root are liable for tortious interference with contract under Oklahoma common law for intentionally leaving the keys to the U-Haul she was driving inside the unlocked van in a visible place, knowing it was substantially certain that the van would be stolen from a commercial parking lot when left unattended. As a result of this conduct, the van was stolen, which interfered with Plaintiff's contract for the rental of the U-Haul.

A. **Plaintiff's Claims to be Dismissed:** False Light

II. **Summary of Defenses**:

    A. **Defendant City of Tulsa**

        i. Plaintiff's Complaint may fail to state a claim upon which relief may be granted against Defendant City of Tulsa.

        ii. All tort claims are subject to the provisions of the Oklahoma Governmental Tort Claims Act, 51 O.S. §§ 151 et seq.

        iii. Plaintiff's constitutional rights were not violated.

        iv. The City did not promulgate, create, implement, or possess responsibility for the continued operation of any policy that caused the complained of constitutional harm, nor did the City act with the state of mind required to establish the alleged constitutional deprivation.

        v. The City's policies were lawful on their face and Plaintiff cannot prove that the City had notice of its alleged failure to act, awareness that the failure to act resulted in a constitutional deprivation, and that the City consciously chose to disregard the harm.

        vi. The City denies there is any direct causal link which supports Plaintiff's claims that any policy or custom, or the alleged failure of the City to adopt a policy or custom, or to adequately train or supervise any City employee was the direct cause of any damage or injury to Plaintiff.

        vii. The City did not have actual or constructive notice that its actions or failures to act were substantially certain to result in a violation of Plaintiff's constitutional rights, nor did the City consciously or deliberately choose to disregard any such risk of harm.

        viii. Absent a properly proven predicate constitutional violation by an individual defendant, the City cannot be held liable under Section 1983 for alleged failures of policy, training, or supervision.

        ix. The City is not subject to vicarious or *respondeat superior* liability for any bad faith, malicious, or intentionally wrongful conduct of any employee (All allegations of intentional wrongful conduct are denied.).

        x. To the extent that any of the TPD officers' conduct violated Plaintiff's state or federal constitutional rights, the City did not act or fail to act in any way that would have ratified that specific conduct or the basis for it.

xi. The damages complained of may have been caused in whole or in part by third parties over whom the City exercises no control.

xii. Plaintiff assumed the risk of her behavior when she acted in a manner that was in violation of the law or was not consistent with the safety and well-being for herself and others.

xiii. Plaintiff's alleged injuries were or may have been caused by Plaintiff's own comparative negligence.

xiv. The City denies that it was negligent.

xv. Punitive or exemplary damages are not available under 51 O.S. §154 (C).

xvi. The City and its employees are immune from suit due to absolute immunity and qualified immunity.

**B.    Defendant G.T. Bynum**

i. Plaintiff's Complaint may fail to state a claim upon which relief may be granted against Defendant Bynum.

ii. Defendant Bynum had no personal involvement in the interaction with Plaintiff that is the subject of this lawsuit.

iii. Defendant Bynum did not ratify any of the officers' alleged wrongful actions or the bases for such actions prior to Plaintiff's subject interaction with TPD officers.

iv. Defendant Bynum's actions or inactions did not proximately cause Plaintiff's alleged injuries.

v. Defendant Bynum did not promulgate, create, implement, or possess responsibility for the continued operation of a policy that caused the complained of constitutional harm, nor did Bynum act with the state of mind required to establish the alleged constitutional deprivation.

vi. Defendant Bynum denies having any actual or constructive notice that his actions or any failures to act were substantially certain to result in a violation of Plaintiff's constitutional rights, nor did he consciously or deliberately choose to disregard any such risk of harm.

vii. There is no evidence that Defendant Bynum acted with malice toward Plaintiff or that would support a claim for punitive damages.

  viii.  The damages complained of may have been caused in whole or in part by third parties over whom Defendant Bynum exercises no control.

  ix.  Plaintiff assumed the risk of her behavior when she acted in a manner that was in violation of the law or was not consistent with the safety and well-being for herself and others.

  x.  Official capacity claims against individual defendants are merely and solely claims against the City.

  xi.  Defendant Bynum is entitled to qualified immunity.

**C.**  **Defenses to be Abandoned for Defendant City or Defendant Bynum**:  None

**D.**  **Defendant Ronni Carrocia:**

  1.  Defendant denies the nature and extent of Plaintiff's alleged injuries and/or damages.

  2.  Plaintiff posed an imminent threat of harm to herself, to patrons of the subject store, to the property of the store, and to the responding officers.

  3.  Plaintiff's constitutional rights were not violated.

  4.  Defendant's actions were objectively reasonable.

  5.  Any alleged search of Plaintiff was supported by reasonable suspicion and/or probable cause.

  6.  Plaintiff's arrest was supported by probable cause.

  7.  Plaintiff did not exhibit a "serious medical need" sufficient to make a claim for deliberate indifference.

  8.  Defendant was not deliberately indifferent to any known, substantial risk of serious harm to the Plaintiff.

  9.  Defendant's actions were reasonable, necessary and appropriate in light of the circumstances with which she was confronted.

  10.  Defendant acted in good faith at all times.

  11.  Defendant did not act with malice toward Plaintiff.

  12.  Defendant's actions did not violate clearly established law.

  13.  Defendant did not act or fail to act in any manner sufficient to shock the conscience of a reasonable person.

  14.  Defendant is entitled to qualified immunity.

15. Defendant was, at all times, acting within the course and scope of her employment with the City of Tulsa Police Department.

16. Defendant did not promulgate or allow the formation of any official custom, policy or procedure that has an affirmative link to any alleged violation of Plaintiff's constitutional rights.

17. Defendant has not executed or implemented any official custom, policy or procedure which can be found in any ordinance, regulation or a policy statement which resulted in a constitutional violation to the Plaintiff.

18. Defendant denies that any damages allegedly suffered by Plaintiff may have been caused or contributed to by any negligent act or omission on the part of Defendant.

19. Defendant states that the acts or omissions of the Plaintiff and/or other parties over whom Defendant had no control caused or contributed to Plaintiff's alleged damages.

20. The injuries and damages complained of by Plaintiff were caused or contributed to by the acts, conduct, or negligence of the Plaintiff.

21. The injuries and damages complained of by Plaintiff were caused or contributed to by an intervening cause for which Defendant cannot be liable.

22. Plaintiff's claims may be barred, in whole or in part, by the applicable statute of limitations and/or doctrine of laches and/or doctrine of estoppel.

23. Plaintiff may have failed to exhaust her administrative remedies.

24. Plaintiff's complaint fails to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6).

25. Plaintiff failed to plead her claims with the requisite specificity required by Bell Atlantic Corp. v. Twombly (550 U.S. 544 (2007)) and Ashcroft v. Iqbal (556 U.S. 662 (2009)).

26. Plaintiff failed to state a claim under the Oklahoma Governmental Tort Claims Act, Okla. Stat. tit. 51, § 151, et seq.

27. Defendant is not a proper party to any claims under state tort law or the Oklahoma Constitution.

28. The proper party for any claims under the Oklahoma Governmental Tort Claims Act is the City of Tulsa.

29. Plaintiff's damages, if any, are limited and capped under the Oklahoma Governmental Tort Claims Act.

30. Plaintiff may have failed to comply with the notice and claim-denial provisions of the Oklahoma Governmental Tort Claims Act.

31. Plaintiff's claims should be dismissed under any applicable exceptions or exemptions to liability under the Oklahoma Governmental Tort Claims Act.

32. Plaintiff's claims for punitive damages are limited by applicable provisions of the United States Constitution, its relevant amendments, as well as limitations set forth by the U.S. Supreme Court in BMW of North America, Inc. v. Gore, 517 U.S. 559 (1996) and State Farm Mut. Auto. Ins. Co. v. Campbell, 538 U.S. 408 (2003), as well as the Oklahoma Constitution and its relevant amendments.

33. Defendant is entitled to a set-off of any compensation received from a third party if Defendant is found liable, about which liability Defendant denies.

34. To the extent Plaintiff settles with another defendant, Defendant is entitled to a settlement credit or a set-off of any settlement between Plaintiff and any other party under Okla. Stat. tit. 12, § 832(H).

35. To the extent Plaintiff has failed to mitigate her damages, she is not entitled to relief.

36. Defendant exercises her right to a jury trial under the Seventh and/or Fourteenth Amendments to the United States Constitution.

37. Defendant reserves the right to add additional defenses pending the Court's ruling on her Partial Motion to Dismiss.

E. **Defendant Ty Burns.**

1. Defendant denies the nature and extent of Plaintiff's alleged injuries and/or damages.

2. Plaintiff posed an imminent threat of harm to herself, to patrons of the subject store, to the property of the store, and to the responding officers.

3. Plaintiff's constitutional rights were not violated.

4. Defendant's actions were objectively reasonable.

5. Any alleged search of Plaintiff was supported by reasonable suspicion and/or probable cause.

6. Plaintiff's arrest was supported by probable cause.

7. Defendant's actions were reasonable, necessary and appropriate in light of the circumstances with which he was confronted.

8. Defendant acted in good faith at all times.

9. Defendant did not act with malice toward Plaintiff.

10. Defendant's actions did not violate clearly established law.

11. Defendant did not act or fail to act in any manner sufficient to shock the conscience of a reasonable person.

12. Defendant is entitled to qualified immunity.

13. Defendant was, at all times, acting within the course and scope of his employment with the City of Tulsa Police Department.

14. Defendant did not promulgate or allow the formation of any official custom, policy or procedure that has an affirmative link to any alleged violation of Plaintiff's constitutional rights.

15. Defendant has not executed or implemented any official custom, policy or procedure which can be found in any ordinance, regulation or a policy statement which resulted in a constitutional violation to the Plaintiff.

16. Defendant denies that any damages allegedly suffered by Plaintiff may have been caused or contributed to by any negligent act or omission on the part of Defendant.

17. Defendant states that the acts or omissions of the Plaintiff and/or other parties over whom Defendant had no control caused or contributed to Plaintiff's alleged damages.

18. The injuries and damages complained of by Plaintiff were caused or contributed to by the acts, conduct, or negligence of the Plaintiff.

19. The injuries and damages complained of by Plaintiff were caused or contributed to by an intervening cause for which Defendant cannot be liable.

20. Plaintiff's claims may be barred, in whole or in part, by the applicable statute of limitations and/or doctrine of laches and/or doctrine of estoppel.

21. Plaintiff may have failed to exhaust her administrative remedies.

22. Plaintiff's complaint fails to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6).

23. Plaintiff failed to plead her claims with the requisite specificity required by Bell Atlantic Corp. v. Twombly (550 U.S. 544 (2007)) and Ashcroft v. Iqbal (556 U.S. 662 (2009)).

24. Plaintiff's claims for punitive damages are limited by applicable provisions of the United States Constitution, its relevant amendments, as well as limitations set forth by the U.S. Supreme Court in BMW of North America, Inc. v. Gore, 517 U.S. 559 (1996) and State Farm Mut. Auto. Ins. Co. v. Campbell, 538 U.S. 408 (2003), as well as the Oklahoma Constitution and its relevant amendments.

25. Defendant is entitled to a set-off of any compensation received from a third party if Defendant is found liable, about which liability Defendant denies.

26. To the extent Plaintiff settles with another defendant, Defendant is entitled to a settlement credit or a set-off of any settlement between Plaintiff and any other party under Okla. Stat. tit. 12, § 832(H).

27. To the extent Plaintiff has failed to mitigate her damages, she is not entitled to relief.

      28.    Defendant exercises his right to a jury trial under the Seventh and/or Fourteenth Amendments to the United States Constitution.

    **F.**    **Defenses to be Abandoned for Defendants Carrocia or Burns:** None.

**III.**    **Motions Pending** (Include Docket Number, Description and Date at Issue)**:**

- ECF 19, *Defendant Ronni Carrocia's Partial Motion to Dismiss*, Filed 07/05/22
- ECF 22, *Defendant G.T. Bynum IV's Motion to Dismiss*, Filed 07/05/22

**IV.**    **Stipulations:**

    **A.**    **Jurisdiction Admitted:** Yes.

    **B.**    **Venue Appropriate:** Yes.

    **C.**    **Facts:** None.

    **D.**    **Law:** None.

**V.**    **Proposed Deadlines:**

    **A.**    **Parties to be Added by:** August 18, 2023

    **B.**    **Proposed Discovery Cutoff Date (4 Months of Discovery Unless Extended by the Court for Good Cause):** March 1, 2023

    **C.**    **Fact Witness Lists to be Exchanged by:** December 1, 2022.

    **D.**    **Proposed Date for Expert Reports by Plaintiff and Defendant:** Plaintiff – January 15, 2023; Defendants – February 15, 2023.

**VI.**    **Fed. R. Civ. P. 26(f) Discovery Plan**

    **A.**    **Should any changes be made to the timing, form or requirements for disclosures under Rule 26(a)?** No.

    **B.**    **When were or will initial disclosures under Rule 26(a)(1) be made?** July 26, 2022.

    **C.**    **Should discovery be conducted in phases and/or should discovery be limited at this time to particular subject matters or issues?** Yes. Discovery as to Defendant Bynum should not proceed until his Motion to Dismiss is ruled upon based on Defendant Bynum's assertion of qualified immunity.

    **D.**    **Should any changes be made in the limitations on discovery imposed by the Federal Rules of Civil Procedure or the Local Civil Rules?** No.

    **E.**    **Proposed Number of Fact and Expert Depositions:**

      1.    **To be allowed for Plaintiff?**

          Fact - 15

          Expert - 3

      2.    **To be allowed for Defendants?**

          Fact - 15

          Expert - 3

    **F.**    **Is there a need for any special discovery management order(s) by the Court?** No.

**VII.**    **Anticipated Dispositive Motions?**

Yes. Defendants City of Tulsa, Ronni Carrocia and Ty Burns anticipate filing Motions for Summary Judgment, and Defendant Bynum anticipates filing a Motion for Summary Judgment if his Motion to Dismiss is denied.

**VIII.**    **Do all parties consent to trial before the assigned magistrate judge?** No.

**IX.**    **Is there any matter that should be referred to the assigned magistrate judge for final disposition upon partial consent of all the parties pursuant to Local Rule 73.1?** No.

**X.**    **Settlement Plan** (Check one):

**Settlement Conference Requested After:** March 1, 2023.

**Describe Settlement Judge Expertise Required, If Any:** 42 U.S.C. § 1983 claims with *Monell* allegations.

**Private Mediation Scheduled On:** N/A.

**Other ADR (Explain):** N/A.

**ADR Appropriate:** Possibly, but the parties are not able to answer "yes" or "no" definitively at this time.

**Copy of the Court's ADR Booklet Provided to Clients as Required?**

**Plaintiff:** Yes.

**Defendants:** Yes.

**XI.**    **Does this case warrant special case management?** No.

**XII.**    **Do the parties request that the Court hold a scheduling conference?** No.

**XIII.**    **Estimated Trial Time**: 5-6 days.

Date: July 18, 2022

Respectfully submitted,

| | |
|---|---|
| s/ Kymberli J.M. Heckenkemper | s/ R. Lawson Vaughn, III |
| (signed with permission) | (signed with permission) |
| Damario Solomon-Simmons, OBA #20340 | R. Lawson Vaughn, OBA #21557 |
| Kymberli J.M. Heckenkemper, OBA #33524 | Senior Assistant City Attorney |
| **SOLOMON SIMMONS LAW, P.L.L.C.** | Hayes T. Martin, OBA #32059 |
| 601 South Boulder Avenue, Suite 600 | Assistant City Attorney |
| Tulsa, Oklahoma 74119 | **CITY OF TULSA** |
| Telephone: (918) 551-8999 | **CITY ATTORNEY'S OFFICE** |
| Facsimile: (918) 558-8039 | City Hall, One Technology Center |
| dss@solomonsimmons.com | 175 East Second Street, Suite 685 |
| kheckenkemper@solomonsimmons.com | Tulsa, Oklahoma 74103 |
| | Telephone: (918) 596-7717 |
| - and – | Facsimile: (918) 596-9700 |
| | lvaughn@cityoftulsa.org |
| J. Spencer Bryan, OBA #19419 | hmartin@cityoftulsa.org |
| Steven J. Terrill, OBA #20869 | |
| **BRYAN & TERRILL LAW, PLLC** | ATTORNEYS FOR DEFENDANTS |
| 3015 East Skelly Drive, Suite 400 | CITY OF TULSA AND G.T. BYNUM IV |
| Tulsa, Oklahoma 74105 | |
| Telephone/Facsimile: (918) 935-2777 | s/ Jeffrey C. Hendrickson |
| jsbryan@bryanterrill.com | Robert S. Lafferrandre, OBA #11897 |
| sjterrill@bryanterrill.com | Jeffrey C. Hendrickson, OBA #32798 |
| | **PIERCE COUCH HENDRICKSON** |
| ATTORNEYS FOR PLAINTIFF | **BAYSINGER & GREEN, L.L.P.** |
| LADONNA PARIS | 1109 North Francis Avenue |
| | Oklahoma City, Oklahoma 73106 |
| | Telephone: (405) 235-1611 |
| | Facsimile: (405) 235-2904 |
| | rlafferrandre@piercecouch.com |
| | jhendrickson@piercecouch.com |
| | |
| | ATTORNEYS FOR DEFENDANTS |
| | RONNI CARROCIA AND TY BURNS |